RIDGEFIELD & NEW YORK RAILROAD COMPANY *vs.* JOHN G. REYNOLDS.

The defendant signed, with others, a subscription to the stock of a railroad company, which contained a condition that no assessment of over two per cent. should be laid upon the stock subscribed until the whole sum which should be estimated as necessary to complete the road should have been subscribed. The defendant was active in soliciting subscriptions to the stock; was present and acted at a meeting of the stockholders for the election of directors and was himself elected a director and accepted the office; and was present and acted

at different meetings of the directors, at which a surveyor was appointed to locate the road and estimate its cost, by-laws were adopted, and resolutions passed for advertising for proposals for constructing the road. He was also present, but it did not appear that he acted, at a meeting at which an assessment of forty per cent. was laid upon the stock subscribed, and a report made by the president and accepted that he and the secretary had signed a contract for the construction of the road and that the contractors had entered upon the work. At one meeting of the directors at which the defendant was not present the president and secretary had been authorized to sign the contract referred to, and an assessment of fifteen per cent. had been laid upon the stock, but the defendant was present at the next meeting at which the record of that meeting was read and approved. Held in a suit on the subscription, that the defendant was not estopped by any of these facts from showing that the condition of the subscription had not been complied with and that it was not binding upon him.

It seems that it would have been otherwise if the defendant had advocated or voted for the assessments upon the stock.

ASSUMPSIT on a subscription to the stock of a railroad company; brought to the Superior Court in Fairfield County, and tried to the court, on the general issue, with notice, before *Beardsley, J.* Facts found and judgment rendered for the plaintiffs, and motion in error by the defendant. The case is sufficiently stated in the opinion.

*C. G. Child*, for the plaintiff in error.

*J. H. Olmstead*, for the defendants in error.

PARK, C. J. The defendant subscribed for forty shares of stock of the plaintiff corporation on the following conditions embodied in the subscription:—"No assessment shall be laid upon the stock subscribed of more than two per cent., until the whole amount of stock shall have been subscribed, estimated to be necessary for the completion of the road from Ridgefield to such point as shall be decided upon by the company, and no assessment shall be made until $200,000 shall have been subscribed for the Stamford route, or $350,000 for the Greenwich route."

The case finds that the amount of stock subsequently estimated to be necessary for building the road was never subscribed, and consequently the defendant is not liable to the forty per cent. assessment on his stock unless he has done

some act which estops him from claiming that the conditions under which he subscribed for the stock have not been fulfilled. This is conceded in the case. If the defendant is estopped, the burden of showing the fact is on the plaintiffs. This is clear. If the amount of stock sufficient for the construction of the road had been subscribed, the burden of showing the fact would have been on the plaintiffs. So if the plaintiffs claim the defendant to be liable for the assessment on other grounds, they must establish the ground of his liability. This they undertake to do, and claim that he is estopped from setting up as a defence in the case the non-fulfillment of the conditions under which he subscribed for the stock, and this for the following reasons:—

1st. That the defendant was active in soliciting subscriptions to the stock of the company.

2d. That he was present at the meeting of the stockholders on the first day of June, 1869, when he was elected a director of the company, and accepted the office, and participated in the election of the other directors.

3d. That he was present at a meeting of the board of directors on the eighth day of June, 1869, when a surveyor was appointed to locate the line of the road, and estimate the cost of constructing it.

4th. That he was present at a meeting of the board on June 26th, 1869, and participated in its action upon the report of the engineer, and of the committee on the subject of by-laws of the company.

5th. That he was present at a meeting of the board on the first day of February, 1870, when resolutions were passed concerning advertising for proposals for constructing the road and dividing it into sections, and the record of the doings of the board on the 19th day of October, 1869, was read and approved; at which meeting the road was located, and an engineer was appointed, who was directed to procure a charter for the company from the legislature of New York.

6th. That he was present at a meeting of the board on the 10th day of May, 1870, when a report was presented by the president of the company, stating that he and the secretary

of the company had signed the contract of Myers & Co. for building the road, and that they were then engaged in doing the work; that at this meeting an assessment of forty per cent. was laid on the stock of the company which had been subscribed, and the doings of the last preceding meeting (at which the defendant was not present, but at which an assessment of fifteen per cent. had been laid on the stock subscribed, and the president and secretary of the company had been authorized to sign the contract which was presented of Myers & Co. for constructing the road,) was read and approved.

We do not propose to consider particularly the several grounds of estoppel, for it seems too clear for argument that down to the last meeting of the board, on the 10th day of May, 1870, nothing had been done by the defendant inconsistent with the claim he now makes, that he is not liable for the assessment because the condition under which he subscribed for his stock, namely, "that no assessment of more than two per cent. should be made until the amount of stock estimated to be sufficient to construct the road should be subscribed," had not been performed.

At the time of this subscription the company was in embryo. It was uncertain whether stock sufficient to construct the road would be subscribed or not, and in this uncertainty it was necessary that some steps should be taken in anticipation of a sufficient subscription. Hence the solicitations for subscriptions, the organization of the company, the survey and location of the road, and the estimates that were made of the cost of the road. Indeed the resolution containing the condition in question contemplated all this. Its language is, "no assessment shall be laid upon the stock subscribed of more than two per cent., until the whole amount of stock shall have been subscribed, estimated to be necessary for the completion of the road from Ridgefield to such point as shall be decided upon by the company." The amount of stock could not be obtained without solicitation. No estimate of the amount necessary for the completion of the road could be made without the aid of surveyors and engineers, to survey the route and locate the road, and then estimate the

expense of its construction. They could not be employed without the organization of the company, neither could one of the termini of the road be fixed by the company without such organization. Hence nothing was done outside of the resolution containing the condition in question, down to the 10th of May, 1870, which tends in the least to estop the defendant from making the claim he now makes.

Did anything occur at that meeting of the board that estops him from setting up his defence? It is true a resolution was passed by the board making an assessment upon the stock that had been subscribed of forty per cent., and if the defend-ant advocated the passage of the resolution, or voted for it, there would be sufficient ground for an estoppel, for it is to be presumed that he was acquainted with all the facts. But the case is entirely silent in regard to his conduct at that meeting. It is only found that he was present. Whether he acted in favor of or against the resolution, or remained entirely neutral, is left to conjecture. His simple presence at the meeting is as much in accord with one supposition as with either of the others. And the same might be said in respect to his conduct upon the passage of the vote approving the record of the last meeting. Indeed, there was nothing to approve but the simple accuracy of the record as a correct recital of the proceedings of the meeting. The defendant was not present at the meeting, and of course was unable to know whether the record was a correct recital or not. As we have seen, the burden of proving the estoppel is on the party setting it up, which in this case is the plaintiffs. If they rely on the conduct of the defendant to estop him from setting up the claim he makes, they must show what that conduct was, and that it was sufficient for the purpose. This they have failed to do.

There is manifest error in the judgment complained of.

In this opinion the other judges concurred.