48   165
62   152

## STEPHEN H. CULVER'S APPEAL FROM PROBATE.

*A* had lived in *S*, within the probate district of *N*, and had a conservator who was appointed by the probate court of that district, and who acted as such to the time of *A*'s death. He had been addicted to intoxication, and his mind, naturally weak, had become more enfeebled, but he was able to determine where he preferred to reside. A few months after the appointment of the conservator *A*, of his own accord, went to *W*, intending to remain there, and did in fact dwell there till his death, about a year and a half later. The conservator did not, at the time, assent to his going there, but soon afterwards consented to his remaining for a while, and afterwards paid a person with whom he lived for his clothes and in part for his board. While there he was admitted as a voter of *W*, and voted there. Held that he was to be regarded as domiciled in *W*, and that the probate court of that district had jurisdiction of the settlement of his estate.

The probate court of *N* found that *A* resided in *S* at the time of his death, and admitted his will to probate there. Upon an application to the probate court of *W* for the probating of his will, the record of the proceedings of the probate court of *N* was introduced in opposition, for the purpose of showing that *A* was domiciled in *S*. Held that the record was not conclusive, but that the probate court of *W* could receive parol evidence of his being domiciled in *W*.

The jurisdiction of courts of limited and inferior jurisdiction can be collaterally attacked, and if the want of jurisdiction in fact exists the judgment is an absolute nullity.

The fact that the probate court of *W* acted upon a copy of the will of *A* did not in any manner affect its jurisdiction.

APPEAL from the decree of a court of probate, approving the will of Clark Adye, deceased; taken to the Superior Court in Litchfield County, and heard before *Culver, J.*

The appellant moved to have the case stricken from the docket for want of jurisdiction, which motion the court denied. The court made the following finding of facts:

The deceased, Clark Adye, was born in the town of Seymour, in this state, and was a settled inhabitant therein till some time in the early spring of 1876, and up to that time received support from the town at different times as a pauper. In 1855 he was made an elector of the town, and voted once or twice. In the spring of 1876 he inherited some three or four thousand dollars' worth of property from a relative, and then ceased to be a pauper of the town, and was never afterwards treated as such by that or by any other town.

On September 2d, 1876, Adye went of his own free will to the dwelling-house of Roderick Atwood, in the town of Woodbury, in this state, with the intention of making that place his permanent home, and did, in fact, make it his home until his death, having a room and bed assigned him there, sometimes working for Mr. Atwood, and occasionally for other persons in that town for short periods of time, but always considering Atwood's his home.

He was from boyhood addicted to habits of intoxication, which affected his mind somewhat; his intellect was naturally weak and below the average of mankind, but not to that degree which prevented him from distinguishing between

right and wrong, or from determining where he preferred to reside and have his home. He was never insane. He was never married, and until the death of his mother—which occurred about twenty years ago—he made it his home with her in Seymour, but did not spend much of his time in that town after her decease. From all the testimony, it is found that the deceased last dwelt at Woodbury.

The appellant claimed that Adye could not and did not have a domicil in Woodbury, and did not last dwell there within the meaning of the statute, because Samuel L. Bronson, of New Haven, was appointed his conservator, May 8th, 1876, by the probate court for the district of New Haven, within which the town of Seymour is included, and acted as such down to the time of the decease of Adye ; that, although Adye did not consult Bronson at the time he went to Atwood's, he did soon afterwards, and Bronson told him he could remain there for the present, and that he would try to get a place for him at Seymour ; that he did try, but without succeeding ; that Bronson paid Atwood for clothes for Adye and for support in part down to the time of his death ; and that Adye called on Bronson as conservator several times at New Haven, while he was staying at Atwood's. And in proof of Bronson's having been appointed conservator, the appellant offered in evidence a copy of the record of the proceedings of the court of probate of the New Haven district, which was all the evidence he offered on that subject. The appellees objected to this document being received as evidence, upon the ground that it did not appear by the record that the notice ordered to be served on the deceased was complied with. The appellees also objected to all the testimony as to what Bronson did as conservator, or said to Adye as such ; and it was received, subject to the objection ; but, on further consideration, the court sustained the objection and ruled out the document and the parol evidence.

Adye was made an elector in Woodbury in the fall of 1876, and voted at the presidential election, and his name was on the registry list in 1877, but it did not appear that he voted that year.

He died in Woodbury, and was buried there in March, 1878.

It is found, from the record of the proceedings and decree of the court of probate for the district of New Haven, offered in evidence by the appellant, and made part of the finding, that Culver, the appellant, was appointed by that court administrator of the goods and estate of the deceased, April 18th, 1878; and that he accepted the trust and gave bonds according to law. The appellant claimed, and asked the court to decide, that this decree, not having been appealed from nor set aside, was conclusive, or, at least, *primâ facie* evidence, as to the place where the deceased last dwelt, and that parol evidence could not be received to prove that he last dwelt in Woodbury; but the court did not so decide.

The court rendered judgment for the appellees, and the appellant moved for a new trial for error in the rulings of the court and also filed a motion in error.

*H. B. Munson* and *C. B. Andrews*, in support of the motions.

1. The case should have been stricken from the docket for want of jurisdiction of the matter. The only paper presented for probate was what purported to be a copy of the will. The identical will alone could be proved, and not merely another paper like it. It was only on presentation of the original will that the court could take jurisdiction and admit it to probate. No sufficient reason was given for not presenting the original will.

2. The court erred in excluding the record evidence that Adye was the ward of the court of probate for the district of New Haven and under a conservator at the time of his death. This was a fact of great importance in connection with the question of domicil, for if he was under the control of a conservator he could not choose a residence for himself. He cannot have the "intent" required for the purpose. Story Confl. Laws, §§ 43, 44; *Clark* v. *Whitaker*, 18 Conn., 543; *Kirkland* v. *Whately*, 4 Allen, 462. Here the conser-

vator gave his consent to his remaining only "for the present." It is clear that he did not consent to his change of domicil.

3. The residence in Woodbury was not such as to fix Adye's domicil there. *First National Bank* v. *Balcom*, 35 Conn., 351, 358; *Easterly* v. *Goodwin*, id., 286; *Charter Oak Bank* v. *Reed*, 45 id., 391; *Harvard College* v. *Gore*, 5 Pick., 370.

4. The decree of the probate court of the district of New Haven should have been held conclusive so long as not appealed from. That court had all the parties before it, and upon evidence found the fact of residence within its jurisdiction. The question of residence became thus *res adjudicata*. That judgment is to have the effect of a judgment *in rem*, and bind all parties. *Woodruff* v. *Taylor*, 20 Verm., 73; *Crippen* v. *Dexter*, 13 Gray, 330. Citizenship, residence, marriage, divorce, and other like questions follow the same rule. *Bolton* v. *Brewster*, 32 Barb., 389; *Greene* v. *Greene*, 2 Gray, 361; *Driggs* v. *Abbott*, 27 Verm., 580; *Abbott* v. *Coburn*, 28 id., 663.

*H. B. Graves* and *W. Cothren*, with whom was *J. Huntington*, contra.

LOOMIS, J.    It appears from the record that an instrument purporting to be a copy of the last will of Clark Adye, of Woodbury, having been lodged with the court of probate for that district, the executor named in the will appeared in court and "moved that said copy be proved, approved and admitted to probate as and for the last will and testament of said deceased," and that the present appellant also appeared and filed his written motion, being in substance a plea that the court had no jurisdiction of the matter, because the testator last resided in Seymour in the probate district of New Haven, and was not a resident of Woodbury. The court, after a full hearing, found that the testator last resided in Woodbury, and denied the motion. From this denial the appellant appealed to the Superior Court, where he moved

to erase the case from the docket, which the court refused, and after a full hearing the decree of the probate court was affirmed.

The first objection now made is, that the decree of the probate court was erroneous because the court received and acted upon a copy of the will, instead of the original. It is sufficient for the purposes of this case to say that no such objection was made in the probate court or in the Superior Court. The distinct and only issue presented by the appeal was that the court had no jurisdiction because the last residence of the testator was not in Woodbury, but was in Seymour.

Moreover, the motion in error contains no assignment of this point. True, it is assigned for error that the cause ought to have been erased from the docket because the court of probate had no jurisdiction, and the counsel for the appellant argues the question as belonging to this head. But if the jurisdictional question had not been restricted by the proceedings in the probate court and the terms of the appeal, the point now made could not, in any sense, be appropriately made as an objection to the jurisdiction. If the probate court had jurisdiction of the original will, it had as ample jurisdiction to allow a copy to be substituted if the original was lost. The real objection is, that the form of the decree is defective in not stating the reason for substituting a copy. It will be noticed, however, that in the record of the appellant's appeal, which recites the order and denial of the court appealed from, the reason for substituting a copy is in effect given, namely, that the supposed will was claimed to have been lost.

The other questions presented for review all relate either to the admissibility or to the effect of certain evidence offered during the trial.

The finding states the questions as follows: "The appellant claimed that the deceased could not and did not have a domicil in Woodbury, and did not last dwell there within the meaning of the statute, because Samuel L. Bronson, Esq., of New Haven, was appointed his conservator, May

8th, 1876, by the probate court for the district of New Haven, and acted as such down to the time of the decease of said Adye; that, although the deceased did not consult said Bronson at the time he went to said Atwood's, which was in September, 1876, he did soon afterwards, and Bronson told him he could remain there for the present, and he would try to get a place for him at Seymour, and did try but without succeeding; that said Bronson paid said Atwood for clothes and for support in part, down to the time of the death of the deceased; that said deceased called on said Bronson, as conservator, several times at New Haven while he was staying at Atwood's; and in proof of Bronson's having been appointed conservator the appellant offered in evidence, subject to the appellee's objection, the record of such appointment and the application therefor." The evidence was all objected to by the appellees and ruled out by the court. We will assume for the purposes of this case that the testimony was admissible, but as all the facts desired to be proved are fully stated in the offer, if the evidence had been received and the facts found as stated the result would have been the same, and we can see that no injustice was done, and therefore no new trial should be advised.

It may be suggested that the appellant relies on his motion in error to reach this point as matter *stricti juris*. But he has joined a motion for new trial, and the court will refer the question to the appropriate motion. If, however, there had been no motion for new trial, the suggestion in *Selleck* v. *Rusco*, 46 Conn., 375, would be followed, and the rules applicable to the latter would be applied.

Our conclusion that no injustice was done by excluding the evidence referred to involves the assumption that Adye, under all the circumstances mentioned, could and did dwell in Woodbury at the time of his decease, notwithstanding he was under a conservator. The court finds that, on the 2d day of September, 1876, he went, of his own free will and accord, to the house of Atwood, in Woodbury, with the intention of making that his home until his death, having a room and bed assigned him there, sometimes working for

Mr. Atwòod, and occasionally for other persons in that town, for short periods of time, but always considering Atwood's his home ; that from boyhood he was addicted to habits of intoxication which affected his mind somewhat, and that his mind was naturally weak and below the average of mankind, but not to that degree which prevented him from distinguishing between right and wrong, or from choosing and determining where he preferred to reside and have his home ; that he was made an elector in Woodbury in the fall of 1876, and voted at the presidential election ; and the court distinctly finds that he last dwelt at Woodbury. He died there in March, 1878. Now, although a person lawfully under a conservator must be presumed incapable of managing his affairs so that he can make no binding contract with another, yet it seems to us it does not necessarily imply that the person is incapable of exercising such intent and of performing such acts as may, with the simple assent of his conservator, result in establishing a domicil sufficient to enable the court after his decease to probate his will. The law, in its beneficent care and protection of incapable persons, has no need to go to the extent claimed in this case, and the rights of other persons do not require it.

It will, therefore, suffice to dispose of the particular question before us, if we say that the excluded testimony, if received, could not have impaired the case for the appellees at all, because, under the circumstances mentioned, the assent on the part of the conservator to the residence of Adye in Woodbury was clearly sufficient to enable the latter to "dwell" in that town, within the meaning of the statute.

The only remaining question is, whether the court gave proper effect to the record evidence offered and received, showing that, on the 18th day of April, 1878, the probate court for the district of New Haven appointed S. Culver, the appellant, administrator of the goods and estate of Adye, and that he accepted the trust and gave bonds as required by law. The finding states that "the appellant claimed and asked the court to decide that this action of the court of probate, not having been appealed from nor set aside, was

conclusive, or at least *primâ facie* evidence, as to the place where the deceased last dwelt, and that parol evidence could not be received to prove that the deceased last dwelt at Woodbury."

The proposition as made is complex, if not inconsistent; but as the last clause relative to parol evidence is connected with the preceding by the conjunction " and," we construe the request as meaning that, whether the court should hold the action of the New Haven court conclusive, or only *primâ facie*, parol evidence could not be received to prove a residence in Woodbury.

It is not claimed in the assignment of errors nor in the argument that the court erred in not holding the record of the New Haven court *primâ facie* evidence, or that the court so decided. The court received the record as evidence, and if uncontradicted it would doubtless have had the effect, as it should, of *primâ facie* evidence. The real complaint is that the court did not give a controlling effect to the action of the New Haven probate court.

The argument for the appellant on this question, as stated in the brief, was as follows : "Any court has the power to decide the facts that give itself jurisdiction. Such power is essential to the existence of the court; and a finding of jurisdictional facts by any court is final unless set aside by some regular proceeding. It cannot be treated as a nullity. The court of probate in New Haven had decided the question of Adye's residence, and the court in Woodbury was bound by that decision so long as it stood. That question was *res adjudicata.*"

This argument entirely ignores a well-settled distinction between judgments of courts of general jurisdiction, which cannot be collaterally attacked (unless the want of jurisdiction is apparent on the record), and judgments of courts of limited and inferior jurisdiction, which can be collaterally attacked, and if the want of jurisdiction in fact exists the judgment is an absolute nullity. There is no disagreement in the cases at home or abroad on this subject. But our

own decisions are sufficiently explicit. *Sears* v. *Terry*, 26 Conn., 273 ; *First National Bank* v. *Balcom*, 35 Conn., 351.

There is no error in the judgment complained of, and a new trial is not advised.

In this opinion the other judges concurred.