ROBERT COIT ET AL., TRUSTEES, APPEAL FROM COMMISSIONERS.

Second Judicial District, Norwich, May Term, 1896. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An appeal from the doings of commissioners "in the matter of the valuation by said commissioners of the security" held by a creditor for a claim presented by him against the insolvent estate, brings to the Superior Court only the matter of the valuation of such security; the validity or amount of the creditor's claim is not involved.

[Argued May 26th—decided June 25th, 1896.]

APPEAL from the doings of commissioners upon an insolvent estate, in the matter of the valuation of a creditor's security, taken to the Superior Court in New London County and tried to the court, *Shumway, J.,* upon the motion of the appellants to strike out the appellee's statement of claim; the court granted the motion and limited the parties to a hearing upon the appraisal of securities, and thereafter this

valuation was determined by the court, *Prentice, J.,* and, by agreement of the parties, final judgment was entered for the appellants, and the appellee appealed for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Hadlai A. Hull* and *Tracy Waller,* for the appellant (creditor).

*Frank T. Brown* and *Walter C. Noyes,* for the appellees (trustees).

TORRANCE, J. Orlo Atwood and Sons, insolvent debtors, made an assignment in insolvency under the laws of this State, in the Court of Probate within and for the district of New London, and Robert Coit and William A. Gilbert were duly appointed as the trustees of the estate of said insolvent debtors. The trustees appealed from certain doings of the commissioners on said estate, to the Superior Court, and from the judgment rendered by that court on said appeal, James Talcott, a creditor of said estate, brings the present appeal to this court. Talcott presented a claim against said estate exceeding the sum of $100, for which he held certain property of said estate as security; and the commissioners upon said estate inquired into the cash value of said security, and reported the same to the Court of Probate as required by law. In the Superior Court, Talcott claimed that the appeal by the trustees brought before that court the doings of the commissioners both with reference to the claim presented by him against the estate, and also with reference to the valuation of the security held by him for said claim; while the trustees claimed that said appeal brought only the last named matter before the Superior Court. The Superior Court held that the appeal was only from the matter of the valuation of the security, and for this reason refused to hear Talcott concerning his claim against the estate, and rendered judgment only as to the value of the security.

That an appeal will lie, under § 590 of the General Statutes, from the doings of commissioners in the valuation of the security held by a creditor, even when no appeal is taken from their doings with reference to the claim presented for which the security is held, is settled in *Nowell's Appeal*, 51 Conn. 107, and is no longer an open question.

The controlling question in the case at bar, is whether the trustees so limited and restrained the scope of their appeal as to bring only the matter of the valuation of the security before the Superior Court. That they had the right to so limit the scope of their appeal, can admit of no doubt. *Scutt's Appeal*, 46 Conn. 38. The question whether they did so limit their appeal, must be determined from the written appeal itself; and that shows that the appeal was " from the doings of the commissioners, and from the said report, in the matter of the valuation by said commissioners of security held by James Talcott upon a claim presented by him against said estate, which said claim exceeds the sum of one hundred dollars." We are of opinion that this language limited the scope of the appeal in the manner claimed by the trustees and held by the Superior Court.

There is no error.

In this opinion the other judges concurred.