ANN M. LEWIS *vs.* JOHN E. KLINGBERG.

* Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

In this State probate courts are courts of limited jurisdiction, and therefore their orders and decrees are not conclusive as to the fact of jurisdiction, but may be attacked collaterally upon that ground.

In acting under statutes conferring jurisdiction, probate courts have no powers except those which are expressly granted and such other powers as are necessary to the exercise of the jurisdiction expressly conferred.

In this State the mother of an illegitimate child under fourteen, is the sole guardian of its person (§ 4863) until legally removed after notice, hearing and finding, as provided in § 4861. Prior to such removal the Court of Probate has no jurisdiction to appoint anyone else as guardian, and its order or decree purporting to make such an appointment may be challenged and shown to be void upon a writ of *habeas corpus* to determine the legality of the child's detention by such appointee, irrespective of the existence of a right of appeal from the probate decree.

A proceeding in the Superior Court by writ of *habeas corpus* is a well

---

* Transferred from first judicial district.

. recognized, summary method of settling controversies as to the custody of a minor.

Argued November 6th—decided December 13th, 1923.

PETITION for a writ of *habeas corpus* to determine the alleged unlawful detention or confinement of a minor by the respondent, brought to the Superior Court in Hartford County where the respondent filed a return denying the unlawful detention and alleging his appointment as guardian of the minor, and thereafter, upon his motion to that effect, the court, *Marvin, J.,* dismissed the writ, from which judgment the petitioner appealed. *Error and new trial ordered.*

The respondent made return to the writ alleging his appointment and qualification as guardian of the minor under a decree of the Court of Probate for the district of Berlin, and further alleged that the petitioner had and still has a right of appeal therefrom. A certified copy of the decree is annexed to the return. The petitioner answered that the decree was wholly illegal and void, and contrary to the statute.

The decree was in the following form:—

"At a Court of Probate holden at New Britain, within and for the District of Berlin, on the 16th day of January, A. D. 1923.

Present: Bernard F. Gaffney, *Judge.*

"In re Dorothy Evermon, of New Britain, in said District a minor.

"Whereas it has come to the attention of this Court that Dorothy Evermon is a minor residing in New Britain, in said Probate District of Berlin, and is without legal guardian of her person, it is

ORDERED AND DECREED, That Rev. John E. Klingberg, of New Britain, Connecticut, be and he is hereby appointed guardian of said Dorothy Evermon, a minor.

"Bernard F. Gaffney, *Judge.*"

The cause came on for hearing upon the issues raised by the pleadings and upon a motion by respondent to dismiss. In support of the allegations of the answer to the return, that the decree of the Court of Probate appointing the respondent guardian of the person of Dorothy Evermon, a minor, was illegal and void, the petitioner offered to prove by witnesses in court that Dorothy Evermon was a minor nearly ten years of age, and an illegitimate child born in New Britain, whose mother was still alive and is now a resident of the State of New Jersey; that the petitioner, Mary Ann Lewis, was a person duly licensed to take children to board; that Dorothy Evermon was committed to the care and custody of the petitioner by her mother when about six weeks old, and had remained under her care and custody until taken by the respondent under authority of the decree of the Court of Probate; that on January 16th, 1923, the Court of Probate, without notice either to the petitioner or to the child's mother, and without any proceedings to remove the mother as guardian of the person of her minor child, appointed the respondent to be guardian of the person of the minor; and that the respondent thereupon took the minor from the petitioner's custody to a private home for neglected children conducted by the respondent, where it has ever since been kept.

The court declined to admit the evidence and ruled: (a) that the writ of *habeas corpus* was not applicable to meet a situation of this kind; (b) that the petitioner's remedy was by proceedings to have respondent removed as guardian, or by appeal from the decree of the Court of Probate appointing the respondent as guardian, and that the decree could not be collaterally attacked in this action. Judgment was entered dismissing the writ.

Petitioner appeals from the refusal of the trial court to include in the finding some other claims and offers

of evidence excluded at the hearing; from the ruling of the court that the decree of probate appointing the respondent guardian of the minor's person could not be collaterally attacked in this proceeding for want of jurisdiction; from the ruling of the court excluding evidence in support of the petitioner's claim that the Court of Probate was without jurisdiction to appoint the respondent guardian; and from the ruling of the court excluding evidence as to the welfare of the minor in determining her custody.   Other assignments of error were not pursued on the brief or in argument.

*George W. Crawford,* for the appellant (petitioner).

*John H. Kirkham* and *Bernard D. Gaffney,* for the appellee (respondent).

BEACH, J.   Our probate courts are courts of limited jurisdiction, and therefore their decrees are not conclusive as to the fact of jurisdiction, but may be collaterally attacked for want of jurisdiction.   *Sears* v. *Terry,* 26 Conn. 273; *First Nat. Bank* v. *Balcom,* 35 Conn. 351; *Olmstead's Appeal,* 43 Conn. 110; *Culver's Appeal,* 48 Conn. 165; *Hartford* v. *Poindexter,* 84 Conn. 121, 131, 132, 79 Atl. 79; *Woodmont Asso.* v. *Milford,* 85 Conn. 517, 523, 84 Atl. 307.

In respect of the appointment of guardians of the persons of minors under fourteen years of age, the jurisdiction is conferred by §§ 4861 and 4863 of the General Statutes, the material portions of which are printed in the foot-note for convenience of reference.   In acting under statutes conferring jurisdiction, the probate

Sec. 4861. "The father and mother of every legitimate child under twenty-one years of age are constituted joint guardians of the person of such minor, and the powers, rights and duties of both the father and the mother in regard to such minor shall be equal.   Upon the death of either father or mother the surviving parent of such child shall become the sole

courts have no powers except those which are expressly granted and such other powers as are necessary to the exercise of the jurisdiction expressly conferred. *Chamberlin's Appeal,* 70 Conn. 363, 378, 39 Atl. 734; *DeLadson* v. *Crawford,* 93 Conn. 402, 405, 106 Atl. 326.

Section 4861 deals with the case of legitimate children having a parent or parents. Such parent or parents are declared by the statute to be the sole guardians, or joint guardians, as the case may be, of any legitimate minor child. Section 4863 covers the same ground as to illegitimate minors, saying: "The guardian of any

guardian of the person of such child. Upon the application of a selectman of the town in which any such minor resides, or of a relative of any such minor, praying for the removal as guardian of one or both of the parents of such child, the court of probate for the district in which such child resides shall set a time and place for a hearing on said application and shall order notice thereof to be given by registered mail or otherwise to the parents of such child, at least five days before the time set for said hearing, unless a written waiver of such notice, signed by the parent to be affected thereby, is lodged in said court, or unless the court shall find that said minor has no parent in the United States. If it shall appear that the location or address of a parent of such child is unknown, notice to him or her may be given by publication in some newspaper having a circulation in the last known place of abode of such parent at least five days before the time of said hearing. If said court shall find that notice to the parent or parents has been duly given as directed in such order, or that a waiver has been filed as hereinbefore provided, and that either or both are unfit persons to have charge of such child or have abandoned or neglected to make suitable provision for the support or education of such child, or are not residents of the United States, it may remove as guardian the parent or parents so found not to be residents of the United States, or to be unfit, or to have abandoned or neglected such child."

Sec. 4863. "When any child under the age of fourteen years has no parent or guardian of his person, the court of probate for the district in which such child resides may on its own motion appoint a guardian of the person of such child. Said court, in appointing a guardian of the person of any minor, shall take of such guardian a bond, but such bond may be without surety. The guardian of any child, and the mother of an illegitimate child, shall have the same duties and rights which by common law or statute are assigned to the sole surviving parent of such child."

child, and the mother of an illegitimate child, shall have the same duties and rights which by common law or statute are assigned to the sole surviving parent of such child." That language constitutes the mother of an illegitimate child sole guardian of the person of such child.

Turning back to § 4861, the statute empowers the Court of Probate for the district in which the minor resides, to remove as guardian one or both of the parents, but only after such notice and hearing as the statute prescribes, and only upon a finding that either or both parents are unfit persons to have charge of the child or have abandoned or neglected to make suitable provision for the support or education of such child, or are not residents of the United States. The right of sole guardianship until so removed after such notice and such finding, is one of the rights conferred upon the mother of an illegitimate child by § 4863; and it is only "if both parents or the sole living parent shall be so removed" (§ 4861), that the Court of Probate is authorized to appoint a guardian of the person of a minor whose parent or parents are living.

The petitioner's offer to prove that Dorothy Evermon was an illegitimate child having a mother living who was a resident of New Jersey, and that the decree appointing the respondent guardian of the person of Dorothy Evermon was made without notice to the mother and without proceedings to remove the mother as guardian,—was, therefore, an offer of evidence admissible to prove that the decree was wholly void for want of jurisdiction; and it follows that the Superior Court erred in excluding the evidence and in ruling that the decree of the Court of Probate was conclusive in this proceeding, and could not be attacked except on appeal or by proceedings for the removal of the respondent as guardian.

The proceeding in the Superior Court by writ of *habeas corpus* is a well-recognized summary method of settling controversies as to the custody of a minor. *Kelsey* v. *Green*, 69 Conn. 291, 37 Atl. 679; *Dunham* v. *Dunham*, 97 Conn. 440, 117 Atl. 504; *Pfeiffer* v. *Pfeiffer*, 99 Conn. 154, 121 Atl. 174.

The trial court ruled that the remedy by *habeas corpus* was not applicable in this case because the decree of probate stood in the way. This ruling prejudged the issue, for the petitioner offered to prove, and had the right to attempt to prove, that the decree was a nullity for want of jurisdiction to make it.

There is error, the judgment dismissing the writ is set aside, and a new trial is ordered.

In this opinion the other judges concurred.