ESTHER KILLEN *v.* M. EDWARD KLEBANOFF, ADMINISTRATOR (ESTATE OF SUSAN S. SHERMAN)

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued May 6—decided June 30, 1953

*Clarence A. Hadden,* with whom were *Dennis N. Garvey* and, on the brief, *William L. Hadden,* for the appellant (defendant).

*John V. O'Brien,* with whom were *Richard Belford* and, on the brief, *Jacob Belford,* for the appellee (plaintiff).

BROWN, C. J. On July 31, 1950, the Probate Court for the district of West Haven made its decree ascertaining the heirs of Susan S. Sherman, deceased. The plaintiff, as a daughter by adoption of the deceased, appealed to the Superior Court on the ground that the Probate Court failed to find that she was the sole

heir at law. The Superior Court sustained the appeal, vacated the decree and directed the Probate Court to ascertain the heirs of the estate according to law. The defendant administrator has appealed to this court. It is undisputed that the plaintiff was legally adopted on September 4, 1918, by the deceased and her husband, and that subsequently they, as her adoptive parents, executed an agreement with the plaintiff's natural mother to give the plaintiff in adoption to her. This agreement was approved by the Probate Court for the district of New Haven on August 23, 1929. The mother's second husband, to whom she was married at the time, did not, however, join in the agreement. The primary question for decision is whether, by reason of this, the 1929 decree of adoption was void, so that the plaintiff's status as an heir at law of the deceased remained unimpaired upon the latter's death.

Further uncontroverted facts may be thus summarized: The plaintiff was the daughter of Joseph J. and Mary E. Evans, who gave her in adoption in 1918 to Susan S. Sherman and her husband. Later Joseph and Mary Evans were divorced. In 1921, the latter married Harry Holmes and they lived together as husband and wife until her death in 1947. In 1929, Susan S. Sherman and her husband gave the plaintiff in adoption to her natural mother, and this action was approved by the Probate Court where the plaintiff was a resident, as recited above. On August 23, 1929, the plaintiff was a minor. On August 16, 1929, when Mary Evans Holmes signed the adoption agreement, her husband Harry Holmes was living and competent to join in the agreement but did not sign it. Susan Sherman died intestate July 31, 1948. Her husband had predeceased her. The finding of the Probate Court ascertaining the heirs at law of Susan

Sherman, made on July 31, 1950, did not include the plaintiff. On August 30, 1950, she appealed to the Superior Court.

On July 7, 1951, the plaintiff brought an action in the Superior Court against the defendant as administrator, requesting the court to void the decree of the Probate Court of August 23, 1929. On October 24, 1951, trial of that action together with the instant case was started. On the following day, the parties through their attorneys reached an agreement for the payment of $3000 in full settlement of all the plaintiff's claims of inheritance. The trial was then suspended. Subsequently, the defendant as administrator sought from the Probate Court for the district of West Haven authority to compromise the plaintiff's claim for the amount agreed upon, but it took no formal action on the application. On November 14, 1951, the defendant notified the plaintiff that he was prepared to pay her $3000 in full settlement, but she refused to go through with the agreement of settlement. On December 18, 1951, the court declared a mistrial in both cases.

Later, by his substituted answer in the present case, the defendant admitted that the plaintiff was duly adopted on September 4, 1918, by Susan S. Sherman and her husband and that Susan S. Sherman had never had any other children either naturally or by adoption, but denied that the plaintiff was the sole heir and distributee of the estate of Susan S. Sherman. The answer further alleged, as a first special defense, the claimed adoption of August 23, 1929, mentioned above, and that this effectively rescinded the original adoption of September 4, 1918. The plaintiff, by her substituted reply, denied that the August 23, 1929, adoption proceedings rescinded the original adoption and alleged that the Probate Court

was without jurisdiction in the 1929 proceeding because the husband of Mary Evans Holmes did not sign the agreement.

The court's fundamental conclusion determinative of the principal question before us was that, since Mary Evans Holmes had a husband living and competent to join in the adoption proceeding in August, 1929, and since he failed to do so, the Probate Court was without jurisdiction to approve the adoption and its decree was void. The proceeding for the adoption of the plaintiff as a minor child in which the decree of the Probate Court of August 23, 1929, was rendered was of purely statutory origin. Therefore, a legal adoption resulted only if every essential requirement of the statute was complied with. *Goshkarian's Appeal,* 110 Conn. 463, 465, 148 A. 379. "Courts of Probate are strictly statutory tribunals exercising only such powers as are conferred upon them by statute and having jurisdiction only when the facts upon the existence of which the Legislature has conditioned their exercise of power exist." *Palmer* v. *Reeves,* 120 Conn. 405, 408, 182 A. 138. The controlling statute concerning the decree in question is § 4881 of the Revision of 1918, which, in so far as material, reads: "Husband and wife must join in adoption. No person having a husband or wife living and competent to join shall . . . adopt any child under the foregoing provisions of this chapter unless such husband or wife shall join in such adoption; and upon such adoption said child shall be deemed to be the child of both." To complete an adoption, two steps are essential. First, there must be an agreement to give and receive the child in adoption, and second, there must be approval of the agreement by a Probate Court having jurisdiction. The fundamental basis of the proceeding is

the agreement. If the purported agreement is void, there is nothing which the Probate Court can approve. Neither the title nor the context of § 4881, Rev. 1918, leaves room for doubt that it prohibits the Probate Court from approving the adoption of a child by a husband or a wife unless the spouse, being competent, joins in the adoption. The prospective effect of the status created by an adoption decree upon the child, the life of the family unit and the financial obligations and rights of inheritance involved constitutes sound reason for the restriction which the statute imposes. As the trial court well pointed out in its memorandum of decision, "[c]onsent lies at the foundation of statutes of adoption and when it is required to be given and submitted the Court cannot take jurisdiction of the subject matter without it." The statute rendered the agreement of adoption void. The court's conclusion that the Probate Court was without jurisdiction to approve the adoption and that its decree was void was correct.

Section 4881 is the fourth in chapter 249, entitled "Adoption," in the 1918 Revision. The authority of the Probate Court to enter its 1929 decree is to be found only in the provisions of this chapter, which must be construed together. In view of the express prohibition in § 4881, the decree by the Probate Court approving the adoption, when a competent living spouse had failed to join in the proceeding, was void for want of jurisdiction and was not merely an erroneous exercise of an admitted jurisdiction. See *Terry's Appeal,* 67 Conn. 181, 185, 34 A. 1032. "Our probate courts are courts of limited jurisdiction, and therefore their decrees are not conclusive as to the fact of jurisdiction, but may be collaterally attacked for want of jurisdiction." *Lewis* v. *Kling-*

*berg,* 100 Conn. 201, 204, 123 A. 4, and cases cited. The *Lewis* case, and *Ferrie* v. *Trentini,* 111 Conn. 243, 251, 149 A. 664, present situations sufficiently analogous to that in the instant case to illustrate that for lack of jurisdiction the decree of 1929 was subject to the collateral attack here involved.

The defendant's substituted answer also set forth as a second special defense the claimed $3000 settlement agreement and tender thereunder. The plaintiff's substituted reply denied the allegations of this special defense and alleged that the $3000 settlement agreement included several conditions which the defendant had failed to fulfil. This was denied by the defendant's rejoinder. The issue so joined gives rise to the remaining question, whether the Superior Court erred in holding that on this probate appeal it could not pass upon the effect and validity of the defendant's second special defense. Under § 7056 of the General Statutes, the Probate Court has sole jurisdiction, incident to the distribution of estates in settlement before it, to ascertain the heirs when necessary. *Culver* v. *Union & New Haven Trust Co.,* 120 Conn. 97, 102, 179 A. 487. The decree from which the plaintiff's appeal was taken was restricted solely to the Probate Court's finding as to who were the heirs at law of Susan S. Sherman. The question presented on appeal to the Superior Court was whether this finding was correct.

The Superior Court in passing upon the appeal was itself acting as a Court of Probate with the same powers and subject to the same limitations. *Palmer* v. *Reeves,* 120 Conn. 405, 409, 182 A. 138, and cases cited. It was sitting as a court of limited statutory jurisdiction and not as a court of general jurisdiction. Accordingly, it was limited to probate powers and could not exercise its general law and equity

powers. 1 Locke & Kohn, Conn. Probate Practice, pp. 438, 441. While probate courts do not have general equity jurisdiction, they may exercise equitable powers under certain circumstances. "However, the equity which the Probate Court administers must grow out of and be inseparably connected with the matter the court is acting upon . . . ." 1 Locke & Kohn, op. cit., p. 178; *Hewitt's Appeal,* 53 Conn. 24, 35, 1 A. 815. The defendant's second special defense obviously did not fall within this limitation. It stemmed from an equitable action in the Superior Court and was predicated on circumstances alleged to have transpired long after the decree of the Probate Court was entered and the appeal therefrom had been taken. Nor could the Superior Court enlarge the scope of the appeal to include this issue. *Sacksell* v. *Barrett,* 132 Conn. 139, 146, 43 A.2d 79; *Wildman's Appeal,* 111 Conn. 683, 686, 151 A. 265; see *Coit's Appeal,* 68 Conn. 184, 186, 35 A. 1124. If the defendant is entitled to the equitable relief involved, that can only be determined in some other action. The court did not err in holding that it had no power in the present proceeding to pass upon the question.

There is no error.

In this opinion the other judges concurred.