[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 7, 1997
This is an appeal from the decree of the court of Probate for the District of Glastonbury, on December 5, 1995, denying admission to probate of the purported will of the decedent CT Page 694-MM Richard Tidell Weber. The pleadings reveal that the will was denied admission on the basis of undue influence and/or lack of testamentary capacity.
The plaintiff, in her "Motion for Appeal from Probate" states that "She is the spouse of said decedent." The "Reasons for Appeal" which are the pleadings, the complaint, in the case, do not repeat that allegation, and hence her marital status is not addressed in the answer. However, it is clear from the issues of the appeal that she is a devisee of the will which the probate court rejected.
The defendants now seek to add, by counterclaim, an action for a declaratory judgment, seeking a determination that the decedent lacked the mental capacity to enter into a marriage, and hence that the marriage of the plaintiff to the decedent was void ab initio.
The defendant does not assert, in the pleadings, that if this allegation were to be proven it would, in and of itself, defeat the will. The plaintiff, in this appeal, does not assert that she is seeking or did seek before the probate court benefits arising out of a status as the surviving spouse of the decedent, or that the probate court made any such determination concerning marriage. CT Page 694-NN
 In ruling on a probate appeal, the Superior Court exercises the power, not of a Constitutional Court of general or common law jurisdiction, but of a Probate Court.
Kiron v. Stangle, 209 Conn. 260, 264 (1988).
 The Superior Court may not consider or adjudicate issues beyond those proper for determination by the order or decree attacked.
Silverstein's Appeal for Probate 13 Conn. App. 45, 54 (1987).
The pleadings herein do not allege that the defendants claimed, as substantive issue in the probate court, that the plaintiff had engaged in a fraudulent, void or voidable marriage
to the defendant. Nor do they allege in the pleadings of this appeal that this is, was, or would be a separate and independent reason for the probate court to deny admission of the will. The defendants cite to this court no authority which would support such a proposition.
As to whether such evidence would be admissible in furtherance of a conclusion by the trier of fact in this action CT Page 694-OO that the decedent lacked testamentary capacity, or was the subject of undue influence, is for the trial judge to determine. No authority is submitted to support a position that the mere fact of marriage or lack of marriage would defeat a specific devise in an otherwise properly valid will.
The question of marriage or lack of marriage, as a separate issue may become appropriate if the defendants should prevail in this action, so as to result in the conclusion that the will is not valid and enforceable. Under those circumstances the question may come to the Probate Court as to whether the plaintiff is entitled to a predistribution allowance for support of surviving spouse under the provisions of General Statutes § 45a-320. Or whether the plaintiff is entitled to distribution as a surviving spouse under the provisions of General Statutes § 45a-437. Or is entitled to take a statutory share under the provisions of General Statutes § 45a-436 in the event that the doctrine of Dependent Relative Revocation is applicable, in the future event that the defendants prevail in this probate appeal.
Jurisdiction to determine all of these matters, in the first instance, is conferred upon the Probate court. General Statutes § 45a-431 is captioned "Distribution of estate." The statute specifically states "(a) Court to ascertain heirs and distributees. The court of probate shall ascertain the heirs and CT Page 694-PP distributees of each intestate estate, and the heirs and distributees of their respective shares in each testate estate . . ." (Emphasis added.)
In the process of determining the status of one claiming to be a surviving spouse, and hence entitled to rights under the provisions of the above statutes, the Probate Court, in the first instance, does have jurisdiction to determine the validity of the marriage — for that specific purpose. See Catatana v.Catatana, 148 Conn. 288 (1961), which involves an appeal from the decree of the probate court denying the applicant's application for a widow's allowance.
 Under § 7056 of the General Statutes, the Probate court has sole jurisdiction, incident to the distribution of estates in settlement before it, to ascertain the heirs when necessary.
Kilden v. Klebanoff, 140 Conn. 111, 117 (1953).
The above case, Kilden, acknowledges the jurisdiction of the Probate Court, in the first instance, to determine whether the adoption procedures which took place, so as to cause the claimant to be an heir, were in fact properly complied with. See alsoHanrahan v. Corrigan, 7 Conn. Sup. 106, 111 (1939): "The CT Page 694-QQ determination of heirs and distributions of the estate must be made by the Probate Court . . ." Determinations of this nature, before the Probate Court, to wit the validity of the marriage for the purposes of determining status of parties in issues before the probate court are the proper purview of the probate court.Eva v. Gough, 93 Conn. 38 (1918). Such limited inquiry for those purposes are not actions for annulment, and hence do not implicate the jurisdiction of the probate court, or the limited jurisdiction of the Superior Court on an appeal from probate as to the determination of marital statutes for probate purposes. Such limited inquiry is not in fact an action for annulment. SeeMandoroff v. Dax, 13 Conn. App. 282, 287 (1988).
There may be certain contexts in which a declaratory judgment action may be appropriate, or necessary, to determine the validity of a marriage where such issues do not specifically pertain to issues or matters directly within the jurisdiction of the probate court. These are not the circumstances as presented to the Superior Court in the within action.
The request for declaratory judgment in this action fails in a number of respects. First, whether or not the plaintiff's alleged status as surviving spouse becomes an issue depends upon this court's determination of the validity of the will. If the will is determined to be valid, there will be no issue unless the CT Page 694-RR plaintiff claims in the probate court either a surviving spouse's allowance or elects to take a statutory share in lieu of the will. Hence there is no such issue at this time, pending the outcome of this probate appeal. See Draheh, Inc. v. SeamlessRubber Co., 145 Conn. 318 (1958).
Second, a declaratory judgment cannot be used as a substitute for an appeal in the event that a justiciable issue of marital status arises after the concluding of the probate appeal in this case. The declaratory judgment action cannot be utilized to circumvent the procedural and jurisdictional prerogatives of the probate court in the event that the status of the marriage shall later become an issue, which issue would have to be determined in the first instance by the probate court.
 It is fundamental that this type of proceeding [declaratory judgment action] cannot be used as a substitute for an appeal.
Hartford Electric Light Co. v. Water Resources Commission,162 Conn. 89, 105 (1971).
The court does not deem it necessary to address the ever present issues presented by Practice Book Section 390(d) as pertains to declaratory judgment actions. CT Page 694-SS
Lastly, questions concerning what are and what are not the assets of the estate are matters to be determined by the probate court in the first instance. It is for the probate court to determine whether such issues are or are not factually capable of being determined by the probate court, or will require separate individual determination at law separate and apart from potential questions of the validity of the marriage as affecting the status of the plaintiff as an heir at law or a surviving spouse. The same rationale applies to those questions as do the potential questions concerning the marital status of the plaintiff.
For the reasons set forth herein the court sustains the defendant's objection to the motion to amend the complaint so as to assert the requested counterclaim for declaratory judgment.
SULLIVAN, L., J.