[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT/APPELLEE'S MOTION TO STRIKE
This appeal arises from the Probate Court Order, dated January 9, 2002, which enforced a purported settlement agreement between the parties, and admitted to probate the alleged Last Will and Testament of the decedent, Louis Gugliotti, Sr. By Motion dated March 12, 2002, the Executrix and beneficiary of the decedent, Louis Gugliotti, Sr., moved to strike sections A and C of the Plaintiff/Appellants Reasons for Appeal dated March 8, 2002. CT Page 5831
Summarized, Section A of the Reasons for Appeal asserts that the decedent lacked the capacity to execute the purported will which was not the free and voluntary expression of his intent; Section C states that the executrix has a conflict of interest and has made material misrepresentations regarding her actions taken as Power of Attorney. The appellee argues that these reasons exceed the scope of the Probate Order enforcing the agreement; therefore, cannot be considered in this appeal. The appellants posit that the appellee is attempting to limit this court's de novo review of the Probate Order and that a probate appeal "is not limited to the claims raised in the Probate Court."
Discussion
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The reasons of appeal [in a probate appeal] serve essentially the same functions in defining issues and limiting evidence as does the complaint in a civil matter." Baskin's Appeal from Probate,194 Conn. 635, 642, 484 A.2d 934 (1984). Therefore, a "motion to strike [may be used to] [test] . . . the legal sufficiency of the allegations of [a] motion to appeal." Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511,520, 429 .2d 967 (1980). Where, as here, the party moves to strike on jurisdictional grounds, the court should treat the motion to strike as a motion to dismiss. See: Fortier v. Casey, Superior Court Judicial District of Hartford-New Britain at New Britain, Docket Number 484192 (September 30, 1999, Wollenberg, J.)
Section 45-288 of the Connecticut General Statutes provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate . . . may appeal therefrom to the superior court." The motion for appeal must demonstrate (1) the interest of the appellant in the subject matter of the decree or in the estate (General Statutes § 45-293), and (2) the adverse effect of the decree on that interest. Hartford Kosher Caterers,Inc. v. Gazda, 165 Conn. 478, 482, 338 A.2d 497 (1973). "The written appeal limits the scope of the appeal, and the reasons of appeal cannot enlarge the issues beyond those specified matters appearing in the appeal." Maloney v. Taplin, 154 Conn. 247, 249, ___ A.2d ___ (1966), citing:Coit's Appeal, 68 Conn. 184, 186, 35 A. 1124; 1 Locke Kohn, Conn. Probate Practice 214.
"In an appeal from probate there is a trial de novo in which the appellant has the opportunity to present any evidence which could have been offered in the probate court, whether or not it was actually offered CT Page 5832 . . . the superior court decides the matters on which the appeal was taken without regard to the action or decree of the probate court."Prince v. Sheffield, 158 Conn. 286, 294, 259 A.2d 621 (1969). While the Superior Court can consider evidence not presented in the Probate Court, "[T]he appeal brings to the Superior Court only the order appealed from . . . [T]he Superior Court may not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked." Silverstein's Appeal From Probate, 13 Conn. App. 45, 54,534 A.2d 1223 (1987).
The Appellants filed a written Motion for Appeal From Probate on January 24, 2002, in which they contested the Probate Court's order enforcing the settlement agreement and the consequent admission of the decedent's will to probate. A decree allowing this appeal was entered by the Probate Court on January 28, 2002. "[O]n an appeal from the probate of a will the issue is strictly whether there is a valid will. Validity primarily involves three questions: (1) Was the instrument executed with the requisite legal formalities; (2) Did the deceased have testamentary capacity; and (3) Was the instrument executed freely, without undue influence, fraud or mistake." Thompson v. Estate of Thompson, No. CV 98-0417909, 199 Ct. Sup. 6363 (May 7, 1999); citing: Folsom, Connecticut Estates Practice Probate Litigation (1992) § 7:10, pp. 278-79.
Viewing the facts in the light most favorable to the nonmoving party, the court finds that the provisions in Section A of the Appellants' Reasons for Appeal address the validity of the will; whether the will was properly executed, without undue influence, fraud or mistake, and with the requisite capacity. Because Section A sets forth bases for invalidating the will, it falls within the purview of this appeal. Section C of the Appellants' Reason for Appeal claims that the executrix has a conflict of interest and has made misrepresentations regarding her actions as Power of Attorney. These assertions do not address the question of whether the will was properly admitted to probate. Moreover, they exceed the scope of the Appellant's Motion for Appeal, and the Probate Court's decree of January 9, 2002. Accordingly, the provisions of Section C state claims beyond this court's jurisdiction.
For the above reasons, the Defendant/Appellee's Motion To Strike (Dismiss) Section A of the Plaintiff/Appellants' Reasons For Appeal is denied.
The Defendant/Appellee's Motion To Strike (Dismiss) Section C of the Plaintiff/Appellants' Reasons For Appeal is granted.
WOLVEN, J. CT Page 5833