Morris Silverstein's Appeal from Probate
(5096)

Dupont, C. J., Bieluch and Norcott, Js.

46

Argued September 29—decision released December 15, 1987

*Morris Silverstein,* pro se, the appellant (plaintiff).

*Constance L. Epstein,* for the appellee (defendant Dorothy Silverstein Mitchell).

BIELUCH, J. The plaintiff has appealed to this court from the "Certificate of Descent of real estate and other assets of the Estate [of Esther Sarah S. Silverstein]" issued by the Superior Court following a judgment by stipulation in his appeal from an order and decree of the Probate Court for the district of Andover. By amendment, the appeal was extended to cover rulings of the trial court made subsequent to the filing of this appeal. We find error.

The decedent, Esther Sarah S. Silverstein, died intestate on February 28, 1969, leaving four children as her heirs: Morris Silverstein, Dorothy S. Mitchell,

Belle Silverstein and Samuel Silverstein. On March 8, 1969, the plaintiff, Morris Silverstein, was appointed administrator of his mother's estate. On August 26, 1982, the plaintiff made application to the Probate Court (1) for approval of his administration account, (2) for ascertainment of heirs and distributees, and (3) for an order of distribution. After a hearing, at which objections to the account were made by the plaintiff's sister, Dorothy S. Mitchell, the Probate Court on January 4, 1983, accepted the final account of the plaintiff, but disallowed certain claims, expenses and fees paid by him and ordered their reimbursement to the estate.

The plaintiff appealed to the Superior Court from the probate decree and orders. In his reasons of appeal from the probate decree and orders, the plaintiff alleged aggrievement in the disallowance of certain claims, expenses and fees and in the order for their reimbursement to the estate. A companion appeal was taken by Dorothy S. Mitchell. The Probate Court ordered that notice of these appeals be given to the plaintiff and Mitchell only. The Superior Court at no time made any further order of notice to the two remaining heirs. Mitchell appeared by counsel in the plaintiff's appeal. The plaintiff appeared by counsel and pro se in the Mitchell appeal. Without notice, however, the two remaining heirs, Belle Silverstein and Samuel Silverstein, appeared pro se in the Mitchell appeal only. They did not participate in the trial of either appeal.

On August 7, 1985, the trial court heard both probate appeals jointly. Only the respective plaintiffs and their counsel were present at the hearing. In the course of the proceedings, a stipulation for judgment was agreed to by these two heirs. The record reveals an extended discussion between the court, counsel and the plaintiff, after which the court approved the various terms proposed by the parties.

The stipulation provided that the trial court approve the administration account as filed in the Probate Court and order the immediate distribution of the real property of the estate to the four heirs in equal shares, after which a partition action would be filed if the heirs could not arrange a mutual buyout between them at an agreed appraisal. In addition, the plaintiff was to file a supplemental account with the Probate Court within ninety days.

Additionally, the personal property was to be divided equally between the heirs, but in case of any disagreement, the Probate Court would be asked to appoint distributors. In a private capacity, the plaintiff was to pay Mitchell $5000 and operate a cider mill located on the real estate until it was partitioned or sold. After discussion of these various terms between the court, counsel and the plaintiff, the oral stipulation was approved by the court.

At one point in the court's consideration of the proposed judgment, the plaintiff suggested a continuance to consult with the two absent heirs "and find out what their positions are in this." To this, the court responded that since they had pro se appearances in the Mitchell appeal, "[t]he court will enter judgment without them being a party to the stipulation." After objection to a continuance by Mitchell's counsel, the court further concluded that "[t]hey are not [necessary parties] in the opinion of the court, and while the court will accept the stipulation in both of these cases entered into by the parties, judgment may enter in each case in accordance with the stipulation as recited by [counsel for Mitchell] and concurred in by [counsel for the plaintiff] and by Mr. Silverstein and by Mrs. Mitchell. [Counsel for Mitchell] will prepare the judgment file."

A single judgment file was signed by the court for both actions. In this judgment file, the court found that

the heirs of the deceased were listed in the application for administration, and "ORDERED AND DECREED that: Judgment enters in accordance with the stipulation of the parties in accordance with the transcript attached hereto. The rest, residue and remainder of said estate be distributed, transferred and paid over to and among the distributees in accordance with the findings of the Court as indicated above according to the statutes of the State of Connecticut covering intestate estates and MAKE DUE RETURN OF COMPLIANCE with this ORDER." The relevant sixteen page transcript segment was attached to the judgment file.

The plaintiff moved to open, set aside or modify the judgment. This motion was denied by the court, *Kelly, J.,* on December 30, 1985. Mitchell, on January 10, 1986, moved "that the court hear evidence and clarify the stipulation of the parties and enter judgment accordingly." On January 13, 1986, the plaintiff moved for "Judgment in Accordance with Stipulation." In that motion, he requested that the trial judge, *Barry, J.,* sign an attached judgment file which expressed, in seriatim, the terms of the stipulation for judgment as he understood them from the transcript. The latter two motions which sought a clarification of the judgment were denied by the court, *Kelly, J.,* on January 21, 1986, without referral to the trial court which had rendered the judgment.

Thereafter, on April 11, 1986, the original trial judge issued and signed two certificates of descent for land owned by the decedent and located in Bolton and Columbia. Although signed by a judge of the Superior Court, these certificates of descent were on forms of, and purported to be issued by, the Probate Court for the district of Andover. Each certificate provides the following: "THIS CERTIFIES that as appears from the records of this Court said deceased died on [February 28, 1969] and [her] estate has been duly settled in

this Court and there is distributed, set out or divided or descends: TO Belle Silverstein, Samuel Silverstein, Dorothy Silverstein Mitchell and Morris Silverstein who take by inheritance all such right, title and interest said deceased had at the time of her death in and to a certain piece or parcel of land [described].''[1] The plaintiff thereafter took an appeal pro se to this court from the "Certificate of Descent of real estate and other assets of the Estate," issued in relation to his action only.

On a motion for contempt filed by Mitchell, the trial court, *Kelly, J.*, on September 29, 1986, although it did not hold the plaintiff in contempt, ordered that he file a supplemental accounting for the period from July 1, 1982, to August 1, 1986, within thirty days. On November 14, 1986, the plaintiff amended his appeal to this court to include the trial court's subsequent ruling.

The plaintiff took no appeal from the judgment of August 7, 1985, rendered on the parties' stipulation. Although he moved to open, set aside or modify the judgment, he did not appeal from the denial of his motion which occurred on December 30, 1985. Nor did

---

[1] "[General Statutes] Sec. 45-286. DESCENT OR DISTRIBUTION OF REAL PROPERTY TO BE RECORDED. (a) When the real property of any deceased person, or any part thereof or interest therein, is devised or distributed or set out to the devisee or devisees, heirs or heirs or spouse of such decedent or is legally divided by the voluntary act of all the persons interested therein or descends to the heirs or heirs or spouse of such decedent, *the fiduciary of the estate of such decedent shall,* within one month thereafter, or, *in case of descent to the heir or heirs or spouse of such decedent, within one month after the acceptance by the court of the final administration account of such fiduciary, procure from the judge, clerk or assistant clerk of the court of probate having jurisdiction of the settlement of the estate of such decedent, and cause to be recorded in the land records of each of the towns in which such real property is situated, a certificate signed by such judge, clerk or assistant clerk.* Such certificate shall contain the name and place of residence of each person to whom such real property, or any portion thereof or interest therein, is distributed, set out or divided or descends, and a particular description of the estate, portion or interest distributed, set out or divided or descending to each person." (Emphasis added.)

he appeal from the double denial on January 21, 1986 of Mitchell's motion for clarification of judgment and his motion for judgment in accordance with his understanding of the oral stipulation. Only when the original trial court issued its probate certificate of descent on April 11, 1986, purporting to effectuate a portion of the stipulated judgment did he appeal to this court, but he then restricted the appeal to his case only. No appeal was taken by him or his sister from any action in her companion suit. Such a factual situation on appeal is without precedent.

At no time did the defendant Mitchell seek to dismiss this appeal for lack of jurisdiction or for untimely appeal. Practice Book § 4056. Such an attack is made by her for the first time in the preliminary argument of her brief. Without supporting argument or citation of authority, she now asserts that the plaintiff is foreclosed from appealing the stipulated judgment (1) because the issuance of the certificates of descent "was an express and essential portion of the stipulation into which Mr. Silverstein had entered," and (2) because his claim that the trial court lacked subject matter jurisdiction to enter the stipulated judgment was never raised prior to the appeal.

In substance, the plaintiff has appealed from the stipulated judgment rendered on August 7, 1985, although his jurisdictional statement states that the appeal is from the "Certificate of Descent of real estate and other assets of the Estate." Until the preliminary argument in her appeal brief, the defendant Mitchell's apparent understanding was that the plaintiff's appeal was properly and timely taken. The defects in the plaintiff's jurisdictional statement and his late appeal now suggested by the defendant Mitchell are waivable and have been waived by her. *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 115, 348 A.2d 651 (1974); *LaReau* v. *Reincke,* 158 Conn. 486,

493–94, 264 A.2d 576 (1969). These defects do not void the plaintiff's appeal. We will, therefore, proceed to determine the appeal. See *Giordano Construction Co. v. Ross,* 182 Conn. 577, 578, 438 A.2d 772 (1980); *LaReau* v. *Reincke,* supra; *Sackett* v. *Carroll,* 80 Conn. 374, 376, 68 A. 442 (1908).

General Statutes § 45-288 provides that "[a]ny person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court . . . ." In all appeals from probate, the appellant shall file reasons of appeal. "[P]leadings shall thereafter follow in analogy to civil actions." Practice Book § 194. The nature of a probate appeal is not defined either by statute or by the rules of practice. Neither the effect of the appeal on the decree appealed from, nor the scope of the issues presented in the appeal, nor the powers of the appellate court, are indicated by statute or procedural rule of court. The courts, therefore, have clothed "the appeal from probate with very definite characteristics which mark it as a thing peculiar unto itself . . . ." 1 W. Locke & P. Kohn, Connecticut Probate Practice § 186, p. 381. The appeal from probate does not vacate the decree appealed from, nor does it "lift" or surrender the entire matter from the Probate Court into the Superior Court for further proceedings and termination of the estate beyond the order or decree appealed from. "On the contrary, it leaves the matter as it was in the Probate Court, there to be continued with and completed according to law, presenting in the meanwhile to the Superior Court for redetermination, after a retrial of facts, the special and limited issues embraced within the particular decree appealed from. It follows that the Superior Court is without power, on appeal from probate, to proceed through all the forms of a complete settlement of the estate as a prerogative court, and may not consider or adjudicate issues beyond the scope of

those proper for determination by the decree being attacked." (Footnotes omitted.) Id., § 214, p. 438.

The judgment on appeal should affirm or reverse the decree appealed from, in whole or in part, and answer the questions raised by the reasons of appeal. Id., § 220, pp. 449–50. The judicial role for probate appeals was succinctly stated two centuries ago in *Case* v. *Case,* Kirby 284, 285 (1787): "It is the province of the Superior Court, on appeals made from decrees of probate, to fix the principles of law, for the direction of the Courts of Probate; but it seems not to be authorized to proceed through all the forms to a complete settlement of estates, as a prerogative court. The execution of the law, as ascertained by the Superior Court, appertains to the courts of probate." The proper judgment in an appeal from an order or decree should be returned to the Probate Court for further determination and termination of the proceedings in that court. The estate must always be settled in the Probate Court even when its administration is sidetracked or diverted temporarily by an appeal to the Superior Court.

An appeal from a probate order or decree to the Superior Court is not a civil cause of action. It has no more of the ordinary attributes of a civil action than the original proceedings in the court of probate. *Slattery* v. *Woodin,* 90 Conn. 48, 50, 96 A. 178 (1915). That pleadings after the reasons of appeal "may thereafter follow in analogy to civil actions"; Practice Book § 194; "expresses the proper status of an appeal from probate, as a special proceeding authorized by statute, but not a civil action. Independently of the language of the rule, appeals from probate are not civil actions because it has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. It tries the questions presented to it *de novo,* but in so doing it is . . . exercis-

ing a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate." *Slattery v. Woodin,* supra, 50–51.

In a probate appeal, the Superior Court cannot consider events that occurred after the issuance of the order or decree appealed from. *Satti v. Rago,* 186 Conn. 360, 369, 441 A.2d 615 (1982). The appeal brings to the Superior Court *only* the order appealed from. The order remains intact until modified by a judgment of the Superior Court after a hearing de novo on the issues presented for review by the reasons of appeal. Id., 364–65. The Superior Court may not consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. *Hartford Kosher Caterers, Inc. v. Gazda,* 165 Conn. 478, 486, 338 A.2d 497 (1973); *Stevens' Appeal,* 157 Conn. 576, 581, 255 A.2d 632 (1969). Inasmuch as the motion for the appeal is made in the Court of Probate and forms a part of the proceedings in that court, no amendment to it may be made in the Superior Court. The Superior Court, therefore, cannot enlarge the scope of the appeal. *Sacksell v. Barrett,* 132 Conn. 139, 146, 43 A.2d 79 (1945); *Canty's Appeal,* 112 Conn. 457, 458, 152 A. 585 (1930); *Wildman's Appeal,* 111 Conn. 683, 686, 151 A. 265 (1930).

As to the order or decree appealed from, the jurisdiction of the Superior Court is coextensive with that of the Probate Court in the first instance. "[I]f a de novo trial which will be fully effective is to be granted in the superior court on appeal from a probate decree, the superior court must logically be given the same power as the probate court itself had, including any discretionary power. In other words, after consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the

appeal as an original proposition unfettered by, and ignoring, the result reached in the probate court. . . . We find no sound reason for considering that the probate court has any special expertise in matters which in our case law we have held to fall within its primary or exclusive or sound discretion, or jurisdiction and, consequently, no good reason for considering that the superior court, on appeal, is not 'as competent to deal with them as the Court of Probate . . . . ' See *Reiley* v. *Healey,* 124 Conn. 216, 222, 198 A. 570 [1938] . . . . Consequently, we now hold that the foregoing exception to the general rule should be eliminated and that any discretion of the probate court, even though it has been denominated in our cases as sound or primary or exclusive, or as existing in the first instance, passes to the superior court on appeal and is to be exercised by it in an independent determination, without regard to the result reached by the probate court." *Prince* v. *Sheffield,* 158 Conn. 286, 298–99, 259 A.2d 621 (1969). This is now the guiding rule for the Superior Court in a probate appeal.

In *Killen* v. *Klebanoff,* 140 Conn. 111, 98 A.2d 520 (1953), the sole question on appeal was the correctness of the Probate Court's decree ascertaining the heirs at law of an intestate decedent. Since the Superior Court was sitting as a court of limited statutory jurisdiction, and not as a court of general jurisdiction, it was limited to probate powers relating solely to the decree appealed from. For that reason, the Supreme Court held that the Superior Court in the probate appeal to it could not consider an alleged tender of payment under a $3000 settlement agreement not approved by the Probate Court and disclaimed by the plaintiff. Id., 117–18. An analogous procedural posture is presented to us in this review.

The plaintiff in the present case appealed from the Probate Court's disallowance in part of his final admin-

istration account covering the period from the decedent's death on February 28, 1969, through June 30, 1982. The issues raised in his reasons of appeal concerned only the correctness of the Probate Court's modification of his account (1) by ordering the repayment of certain sums of money, (2) by disallowing certain administration fees, (3) by disallowing compensation for labor and services performed for the estate, (4) by surcharging interest due to claimants of the estate, and (5) by charging the plaintiff for additional costs attributable to the nonliquidation of assets. These allegations were neither admitted nor denied by defendant Mitchell, but left to the proof of the plaintiff.

The issues raised by the probate appeal were not decided by the trial court. Instead, the court accepted an oral agreement between the plaintiff and defendant Mitchell settling both appeals before the court by a stipulated judgment. The terms of the settlement went beyond the issues raised by the two appeals in that it (1) ascertained the heirs and distributees of the intestate estate, (2) issued, on a Probate Court form and as a Probate Court, two separate certificates of descent of the intestate's real estate, (3) ordered that the plaintiff pay the defendant Mitchell $5000 in settlement of her complaints against the administrator's account, and (4) ordered that the plaintiff file a supplemental account for the period beyond that covered in the administration account before the court on appeal. Upon the plaintiff's failure to file the supplemental account, the defendant Mitchell moved to have the plaintiff found in contempt of court. In lieu of a finding of contempt, the plaintiff was further ordered by the trial court, *Kelly, J.,* on September 29, 1986, to file this supplemental account for the period which it extended to August 1, 1986, within thirty days. Before this order, however, the trial court had issued its certificates of descent of real estate on April 11, 1986.

The distribution of intestate estates is governed by General Statutes § 45-273. After payment of all expenses and charges, an intestate estate shall be distributed by the administrator of the estate. General Statutes § 45-273 (a). If an intestate estate consists wholly of real property, the Court of Probate shall issue a certificate of descent to the heirs at law, as provided by § 45-286.[2] "Before a distribution valid for all purposes—one that will put an end to the settlement of the estate and the power of the court—can be made . . . the estate to be distributed must be first ascertained by that court, by the settlement of the administration account, and the deduction of the ascertained expenses and charges. This is a condition precedent to such a distribution as will put an end to the jurisdiction of the Court of Probate over the unsettled administration account." *Mathews' Appeal*, 72 Conn. 555, 559, 45 A. 170 (1900).

In his appeal to this court, the plaintiff concedes that he expressly agreed, together with his attorney, to the stipulated judgment, but he now claims that he could not legally, and should not, have submitted the oral stipulation to the trial court for its approval. The defendant Mitchell maintains that by virtue of the plaintiff's consent, the stipulated judgment cannot now be challenged. She also argues that the Superior Court had jurisdiction to address "the full scope of the appeal by resolution of the entire matter upon agreement of the parties." The supporting cases cited by the defendant, however, concerned stipulated judgments rendered in civil actions, and not in probate appeals.

This case is without parallel or precedent. In a civil suit, although the parties are ordinarily restricted to the issues framed by the pleadings, the parties may, by consent, enlarge the scope of the litigation to include

[2] See footnote 1, supra.

issues not raised in the pleadings. *Doublewal Corporation* v. *Toffolon,* 195 Conn. 384, 390–91, 488 A.2d 444 (1985). In a probate appeal, on the other hand, the Superior Court's jurisdiction is statutory and limited to the order appealed from. The issues presented for review are those defined in the reasons of appeal. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. This is so even with the consent of the parties to the appeal because the court has subject matter jurisdiction limited only to the order or decree appealed from. *Hartford Kosher Caterers, Inc.* v. *Gazda,* supra, 486–87; *Stevens' Appeal,* supra, 580–81; *Killen* v. *Klebanoff,* supra, 118; *Sacksell* v. *Barrett,* supra, 146; *Wildman's Appeal,* supra, 686.

Additionally, all of the heirs at law were not parties to the appeal, even though the stipulated judgment affected their rights in the estate. General Statutes § 45-294 provides: "The court of probate, in allowing an appeal, shall make such order of notice to persons interested as it deems reasonable. When the notice has been given by the appellant and proved to the court to which the appeal is taken, the court may hear the appeal without further notice." In both the appeal by the plaintiff and that by defendant Mitchell, the only notice ordered by the Probate Court was that directed to be given to the plaintiff and to the defendant Mitchell. Although no notice was ordered given to the two remaining heirs, Belle Silverstein and Samuel Silverstein, as previously noted, they filed pro se appearances in the appeal taken by the defendant Mitchell only. They did not file an appearance pro se or by counsel in the probate appeal taken by the plaintiff and now under consideration in this court. They were not present at the hearing when the stipulated judgment was approved by the trial court.

The statutory notice requirements are not essential to probate appeals. Therefore, the failure to name an adverse party by notice in a probate appeal does not deprive the Superior Court of subject matter jurisdiction. The provision allowing an appeal confers upon the party aggrieved an absolute right of which he cannot be deprived by an omission of the Court of Probate. When the appeal is properly taken and allowed, the jurisdiction of the Superior Court over the cause attaches. That court, however, will not proceed with the appeal until all appellees have had notice of the appeal. Any defect in the notice should be corrected before trial. *George* v. *St. Ann's Church,* 182 Conn. 322, 324, 438 A.2d 97 (1980); *Donovan's Appeal from Probate,* 40 Conn. 154, 155–56 (1873); 1 W. Locke & P. Kohn, Conn. Probate Practice § 202, p. 414. No such notice was given to the remaining two heirs, Belle Silverstein and Samuel Silverstein, by the trial court in the plaintiff's appeal, and no appearance was made by them in that action. Notwithstanding their nonappearance in the appeal and at its hearing, the trial court undertook to determine their rights in the estate by a stipulated judgment to which they were not parties and did not give their consent. By this stipulated judgment neither they nor the other heirs can be bound.

The trial court's assumption of excessive jurisdictional authority is further evident in its disregard of the provisions of General Statutes § 45-231 giving the Courts of Probate the sole power to approve the compromise and settlement of appeals from probate. Section 45-231 (a) provides that "[u]pon application by executors, guardians, conservators, administrators, trustees in insolvency and trustees appointed, or whose appointment has been approved, by the court of probate, *the court may, after public notice and hearing, authorize such fiduciaries to compromise and settle* any doubtful or disputed claims or actions, or *any appeal*

*from probate in favor of or against the estates* or persons represented by them." (Emphasis added.)

The stipulated judgment in the plaintiff's appeal was predicated on his agreement with the defendant Mitchell only, the remaining two heirs being excluded therefrom by the trial court when it denied the plaintiff's request for a continuance for their consultation and consideration of the agreement. The public notice and hearing provisions of § 45-231 (a) have as their purpose the requirements of due process in the approval by the Courts of Probate of the compromise and settlement of contested appeals. The Superior Court was without jurisdiction to approve the agreement of the plaintiff with defendant Mitchell and to render stipulated judgment thereon. That jurisdiction rested exclusively with the Probate Court under § 45-231 (a).

We conclude for the above reasons that the trial court exceeded its limited statutory jurisdiction not only as to the scope of review of the plaintiff's probate appeal, but also in approving the agreement and rendering the stipulated judgment thereon.

There is error, the judgment and certificates of descent are set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.