[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE/CORRECT
On April 18, 1990, the appellant in this probate appeal, Anne-Louise Sidley, filed a motion to strike the appearance of the law firm of Gallant Gallant, administrator c.t.a. of the Estate of Lillian P. Hodge, and moved for an order to correct the case caption by deleting the reference to the appellee, the Estate of Lillian P. Hodge. The appellant brings this motion in accordance with Conn. Practice Bk. 64(b).
The appellant an heir at law and beneficiary under the June 2, 1988 Last Will and Testament of Lillian P. Hodge, offered the instrument for probate in Florida. On April 11, 1989, a Florida probate court ordered the admission of the will to probate and named the appellant as the personal representative of the estate. The appellant then offered the will for ancillary probate in Connecticut. On October 10, 1989, the Guilford Probate Court denied the filing and recording of the June 2, 1988 instrument, and on November 1, 1989, the appellant brought an appeal from this decision. On January 25, 1990, during the pendency of this appeal, the Connecticut probate court ordered the admission of a prior will, dated March 16, 1988. The probate court found that it was not in the best interest of the estate to appoint the appellant as executrix, and the court named Keith Bradoc Gallant, Esq. as administrator c.t.a. of the March 16, 1988 will. On February 14, 1990, the law firm of Gallant Gallant filed an appearance in this appeal on behalf of the Estate of Lillian P. Hodge.
"An appeal from a Probate Court to the Superior Court is not an ordinary civil action." Kerin v. Stangle, 209 Conn. 260, 263
(1988). "In ruling on a probate appeal, the Superior Court exercises the powers, not of a constitutional court of general or common law jurisdiction, but of a Probate Court." Id. at 264. "In a probate appeal, the Superior Court cannot consider events that occurred after the issuance of the order or decree appealed from." Silverstein's Appeal from Probate, 13 Conn. App. 45, 54
(1987). "The appeal brings to the Superior Court only the order appealed from . . ." and, "[a]s to the order of decree appealed from, the jurisdiction of the Superior Court is coextensive with that of the Probate Court in the first instance.: Id. at 54.
The appellant contends that the appearance of Keith Bradoc Gallant, administrator c.t.a. of the estate, should be stricken because he was never made a party to this probate appeal. The appellant relies on Conn. Practice Bk. 64(b), that provides in pertinent part "[a]fter the writ has been filed the attorney for any party to any action, or any party himself, may enter his appearance in writing with the clerk of the court to which such CT Page 3050 action is returnable." Conn. Practice Bk. 64(b) (rev'd to 1978, as updated to October 1, 1989). The appellant argues that Attorney Gallant has no legitimate interest in this appeal because he was appointed administrator c.t.a. after the October 10, 1989 order of the Guilford Probate Court, and she contends that the superior court cannot consider events that occurred after the issuance of the order that is the subject of this probate appeal. The appellant maintains that even if Attorney Gallant has an interest in this appeal, Conn. Practice Bk. 99 requires him to file a motion demonstrating that interest and that the interests of justice require his joinder. See Memorandum of Law in Further Support of Appellant's Motion to Strike Appearance, dated July 23, 1990. The appellant further argues that the case caption "Estate of Lillian Hodge" was mistakenly inserted due to a clerical error, and should be deleted. She contends that the estate did not exist at the time of the probate court's October 10, 1989 order, and it cannot be made a party to an appeal by the mere appearance of an attorney. See Appellant's Motion to Strike Appearance, dated April 16, 1990.
The appellee, Keith Bradoc Gallant, counters with the argument that an administrator c.t.a. has both a right and a duty to represent the estate in this appeal. He further contends that the court may not consider the appellant's reasons for her motion to strike because her reasons lie beyond the scope of this appeal. The appellee argues that the appellant's motion to strike impermissibly incorporates issues pertinent only to the January 25, 1990 order of the Guilford Probate Court, an order issued subsequent to this appeal, in which the Guilford Probate Court admitted a March 16, 1988 will, and named Keith Bradoc Gallant as administrator c.t.a. of this March 16th will. In this argument, Attorney Gallant emphasizes that nothing in the October 10, 1989 order appealed from concerns the appointment of an administrator c.t.a., or whether or not the estate may be a party. See Supplemental Memorandum in Opposition to Appellant's Motion to Strike Appearance, dated July 31, 1990.
Connecticut case law has established that an administrator is a necessary party in actions involving estates and will constructions. City Trust Co. v. Bulkley, 151 Conn. 598, 602
(1964); Seymour v. Attorney General, 124 Conn. 490, 500 (1938); Lloyd v. Weir, 116 Conn. 201, 205 (1933); Chapman v. Groton,20 Conn. Sup. 333, 340 (1956). The appellant argues that, pursuant to Conn. Practice 8k. 164(b), Attorney Gallant may not enter an appearance on behalf of the estate because the estate is not a party to this appeal. See Appellant's Motion to Strike Appearance, dated April 16, 1990. She further maintains that if Attorney Gallant has an interest in these proceedings, then, pursuant to Conn. Practice Bk. 99, he is required to file a motion demonstrating his interest. See Appellant's Memorandum in CT Page 3051 Further Support of Motion to Strike Appearance, dated July 23, 1990. However, due to the unusual nature of probate proceedings, there is no joinder of parties as would be required in an ordinary civil action. See, e.g., G. Wilhelm R. Folsom Connecticut Estates Practice, Jurisdiction and Procedure, 67, pp. 198-99 (1983); 1 W. Locke P. Kohn, Connecticut Probate Practice, The Probate Court, 211, pp. 433-34 (1951).
A standard Connecticut probate law treatise provides that:
 "[S]ince most estate or trust proceedings are treated as proceedings in rem, rather than inter parties, there is no joinder of parties in the usual sense. All persons who have an interest in the subject matter are, of necessity, parties to a proceeding in rem regardless of whether they are technically brought in as parties or not."
G. Wilhelm R. Folsom, Connecticut Estates Practice, Jurisdiction and Procedure, 67, pp. 198-99 (1983) (footnotes omitted) (emphasis added). Another Connecticut probate law treatise emphasizes:
 "The ordinary probate proceeding is not a proceeding between two parties, but is in the nature of a proceeding in rem and all persons having an interest in the subject matter are parties. . . . Whether named in the record as a party or note, any person in interest may appear and defend against the appeal. [T]here is no occasion in probate appeals for `citing in new parties as in an ordinary civil action.'"
1 W. Locke P. Kohn, Connecticut Probate Practice, The Probate Court, 211, pp. 433-34 (1951) (footnotes omitted) (emphasis added).
Keith Bradoc Gallant has been appointed administrator c.t.a. of the March 16, 1988 will of Lillian P. Hodge, and this will was admitted into probate by a January 25, 1990 order of the Guilford Probate Court. In his capacity as administrator, he has an interest in the outcome of the instant appeal, and he is a party in interest who is entitled to appear and defend against this appeal. Because Attorney Gallant has an interest in the subject matter of the appeal, and is necessarily a party to this in rem proceeding, he need not technically be brought in as a party as ordinarily required by Conn. Practice Bk. 99. CT Page 3052
Therefore, the motion to strike the appearance of Keith Bradoc Gallant, the administrator c.t.a. of the Hodge estate, is denied on the ground that he is a necessary party to this action.
The appellant further moves to correct the case caption by deleting the reference to the Estate of Lillian P. Hodge. An "estate" is defined as "the sum total of the property formerly owned by the decedent which, after his death remains subject to administration and distribution. Clayman v. Prochaska, 2 Conn. App. 430,437 (1984) (citation omitted). Thus "[a]n estate is not a legally entity. . . ." Isaac v. Mount Sinai Hosp., 3 Conn. App. 598,600 (1985) (citation omitted). "It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent. . . ." Id. at 600 (citation omitted). "Not having a legal existence, it can neither sue nor be sued." Id. (citation omitted).
Accordingly, the appellant's motion to strike the appearance of Keith Bradoc Gallant, administrator c.t.a. of the Hodge estate, is denied. It is further ordered that the motion to correct the case caption by deleting the reference to the Estate of Lillian P. Hodge is granted.
DONALD W. CELOTTO, JUDGE