[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION FOR SUMMARY JUDGMENT
FACTS
By papers dated November 7, 1990, the plaintiff, Thomas Petrosky, filed a "Motion for Appeal From Probate" seeking to appeal from an order and decree of the probate court regarding the distribution of real property pursuant to the will of Helen W. Petrosky, the plaintiff's mother. By papers also dated November 7, 1990, the probate court, Marino, J., issued a "Decree Allowing Appeal From Probate." Thereafter, on November 28, 1990, the plaintiff filed his appeal papers in the superior court.
On December 14, 1990, the plaintiff filed his "Reasons of Appeal." The plaintiff made claims regarding CT Page 4295 the intended distribution of Helen W. Petrosky's property, the alleged undue influence of his sister, Patricia Brakcen, executrix of their mother's estate, over Helen W. Petrosky's execution of her will, and the probate court's denial of the plaintiff's request to remove Patricia Bracken from her fiduciary capacity. (See Reasons of Appeal).
On January 10, 1991, the defendant, Patricia Bracken, Executrix of the Estate of Helen W. Petrosky, filed a cross appeal "from that portion of the decree of the Probate Court . . . October 9, 1990, which sets out all remaining real estate owned by the estate in equal shares to Thomas B. Petrosky and Patricia J. Bracken, as tenants in common." (Cross Appeal). The defendant claims:
 (1) A partition of this real estate according to the respective rights of the devisees.
 (2) If a sale would better promote the interests of the devisees, then a sale of the premises and a division of the proceeds, after the payment of the expenses of the sale, between the parties according to their respective rights in the estate.
 (3) The appointment of a committee to make such sale.
(Cross Appeal). Also on January 10, 1991, the defendant filed a motion to strike a number of the plaintiff's "Reasons of Appeal."
On January 31, 1991, the plaintiff withdrew his appeal. On February 20, 1991, the defendant filed a motion for default for failure to plead against the plaintiff for his failure to file a responsive pleading to the defendant's cross appeal. The motion was granted on February 27, 1991.
On February 27, 1991, the defendant filed a motion for summary judgment on her cross appeal on the ground that "there is no genuine issue as to any material fact with respect to whether she is entitled to a judgment of partition." (Motion for Summary Judgment). The defendant seeks "summary judgment interlocutory in character on the issue of whether a judgment of partition should enter, leaving the nature of the partition to further proceedings." (Motion for Summary Judgment). In support of her motion, CT Page 4296 the defendant filed a memorandum of law, a certified copy of a Certificate of Devise from the Estate of Helen W. Petrosky dated October 9, 1990 and recorded on February 7, 1992, the affidavit of Patricia Bracken and the affidavit of Helen Ryan, Bracken's attorney. The plaintiff, Thomas Petrosky, did not file a memorandum or any documentary evidence in opposition to the defendant's motion.
DISCUSSION
The defendant asserts that the parties acquired title to real property as tenants in common on October 9, 1990 pursuant to a Certificate of Devise from the Estate of Helen W. Petrosky. The defendant argues that General Statutes Sec. 52-495 "entitles this Court to order partition of any real property held in joint tenancy, tenancy in common or various other forms of joint ownership." (Defendant's memorandum, p. 3). The defendant maintains that as a tenant in common, she has "an indisputable right to compel a partition of the property," either "by division under [General Statutes Sec.] 52-495 or by sale under [General Statutes Sec.]52-500." (Defendant's memorandum, p. 4).
General Statutes Sec. 45a-186 (formerly Sec.45-288) provides that "any person aggrieved by any order, denial or decree of a court of probate in any matter . . . may appeal therefrom to the superior court. . . ." See Silverstein's Appeal from Probate, 13 Conn. App. 45, 52,534 A.2d 1223 (1987).
 The nature of a probate appeal is not defined either by statute or by the rules of practice. Neither the effect of the appeal on the decree appealed from, nor the scope of the issues presented in the appeal, nor the powers of the appellate court, are indicated by statute or procedural rule of court. The court's, therefore, have clothed "the appeal from probate with very definite characteristics which mark it as a thing peculiar unto itself. . . ." 1 W. Locke P. Kohn, Connecticut Probate Practice Sec. 186, p. 381. The appeal from probate does not vacate the decree appealed from, nor does it "lift" or surrender the entire matter from the Probate Court into the Superior Court for further proceedings and termination of the estate beyond the CT Page 4297 order or decree appealed from. "On the contrary, it leaves the matter as it was in the Probate Court, there to be continued with and completed according to law, presenting in the meanwhile to the Superior Court for redetermination, after a retrial of facts, the special and limited issues embraced within the particular decree appealed from. It follows that the Superior Court is without power, on appeal from probate, to proceed through all the forms of a complete settlement of the estate as a prerogative court, and may not consider or adjudicate issues beyond the scope of those proper for determination by the decree being attacked." (Footnotes omitted.) Id., Sec. 214, p. 438.
Id., 52-53.
"An appeal from a probate order or decree to the Superior Court is not a civil cause of action. It has no more of the ordinary attributes of a civil action than the original proceedings in the court of probate." Id., 53, citing Slattery v. Woodin, 90 Conn. 48, 50, 96 A. 178
(1915).
 [A]ppeals from probate are not civil actions because it has always been held that the Superior Court, while hearing appeals from probate, sits as a court of probate and not as a constitutional court of general or common-law jurisdiction. It tries the questions presented to it de novo, but in so doing it is . . . exercising a special and limited jurisdiction conferred on it by the statute authorizing appeals from probate.
Silverstein's Appeal from Probate, supra, 53-54, quoting Slattery v. Woodin, supra, 50-51.
The superior court in a probate appeal cannot consider events that occurred after the issuance of the order of decree appealed from. Silverstein's Appeal from Probate, supra, 54; see Satti v. Rago, 186 Conn. 360, 369, CT Page 4298441 A.2d 615 (1982). "The appeal brings to the Superior Court only the order appealed from." Silverstein's Appeal from Probate, supra. (Emphasis in original). "The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. This is so even with the consent of the parties to the appeal because the court has subject matter jurisdiction limited only to the order or decree appealed from." Id., 58. (Citations omitted).
"A person who seeks to appeal from an order of the Probate Court must set forth in his motion for appeal (1) the interest of the appellant in the subject matter of the decree or order appealed from or in the estate; . . . and (2) the adverse effect of the decree or order on that interest." Merrimac Associates, Inc. v. DiSesa, 180 Conn. 511,516, 429 A.2d 967 (1980) (Citations omitted). General Statutes Sec. 45a-191 (formerly Sec. 45-293) provides that "[i]n each appeal from probate . . . the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."
The defendant, in her cross appeal, does not appear to claim that the order or decree of the probate court which was the subject of the plaintiff's withdrawn appeal was improper or erroneous, or that she was in any way aggrieved by the order, but rather seeks a partition pursuant to General Statutes Secs. 52-495 or 52-500 of the real property which was distributed pursuant to the order of the probate court.
General Statutes Sec. 52-495 provides in relevant part that "[c]ourts having jurisdiction of actions for equitable relief may, upon the complaint of any person interested, order partition of any real property held in joint tenancy, tenancy in common, coparcenary or by tenants in tail." (Emphasis added). General Statutes Sec.52-500(a) provides that "[a]ny court of equitable jurisdiction may, upon the complaint of any person interested, order the sale of any property, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners." (Emphasis added).
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurliacci v. Mayer, 218 Conn. 531, 542, 590 A.2d 914 (1991); see Castro v. Viera, 207 Conn. 420, 427, 541 A.2d 1216 (1988). Such CT Page 4299 jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. Castro v. Viera, supra.
Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the subject matter, the court shall dismiss the action. Practice Book Sec. 145. Subject matter jurisdiction, unlike personal jurisdiction, cannot be created through consent or waiver. Castro v. Viera, supra, 429-30; see also United States Trust Co. v. Bohart,197 Conn. 34, 39, 495 A.2d 1034 (1985). Whenever the lack of subject matter jurisdiction comes to a court's notice, the court can dismiss the proceeding upon its own motion. Park City Hospital v. Commission on Hospitals Health Care,210 Conn. 697, 702, 556 A.2d 602 (1989).
The file in this case contains no motion by the defendant for appeal from probate, or any indication that the defendant ever made such a motion or that the probate court allowed the defendant's cross appeal. The documents submitted by the defendant, including cross appeal itself, contain no allegations or arguments concerning any "adverse effect of the decree or order [of the probate court] on [the] interest" of the defendant. See Merrimac Associates, Inc. v. DiSesa, supra, 526. Rather, the defendant in her cross appeal seeks a partition of the real property distributed to the parties as tenants in common pursuant to the order or decree of the probate court, but the defendant neither alleges nor argues that such distribution by the probate court was improper in and of itself or that she is aggrieved in any way by the order of distribution.
Until the order of the probate court distributing the property to the parties as tenants in common, the defendant had no interest in the property upon which she could maintain an action for partition. See General Statutes Secs. 52-495, 52-500. The relief sought by the defendant is a remedy which would be available to the defendant only after the distribution order of the probate court, which the defendant has not claimed was improper or erroneous. Accordingly, since the defendant has not claimed in her cross appeal that the order of the probate court distributing the property to the parties as tenants in common was improper or erroneous, or somehow adversely affected her interests, or that the issue of partition was ever even before the probate court, the subject matter of the defendant's cross appeal is beyond the scope of the jurisdiction of this court upon a probate appeal. CT Page 4300
Pursuant to General Statutes Secs. 52-495 and52-500, actions for partition are within the jurisdiction of the superior court, as a "court having jurisdiction of actions for equitable relief," and are not within the scope of the jurisdiction of a superior court acting as a probate court for purposes of a probate appeal. The relief sought by the defendant is beyond the scope of a probate appeal, this court lacks subject matter jurisdiction to adjudicate the defendant's claim for partition in the context of this cross appeal in an appeal from probate proceeding. Rather than filing this cross appeal in the probate appeal proceeding, where the superior court acts as a probate court, the defendant should have instituted a separate civil action for partition in the superior court, which has equitable jurisdiction over such actions.
CONCLUSION
This court lacks subject matter jurisdiction over the defendant's cross appeal.
The court dismisses the defendant's cross appeal sua sponte for lack of subject matter jurisdiction.
AUSTIN, J.