[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: PLAINTIFF'S MOTION FOR RECONSIDERATION
The plaintiff-executrix asks this court to reconsider its decision of November 23, 1993, in which the court denied the plaintiff's motion to strike the defendant's counterclaim. The defendant, a licensed practical nurse, filed a counterclaim along with her answer to the plaintiff's revised reasons for appeal, in which she alleges that she performed nursing services for the plaintiff's decedent, and that she was never fully paid for her services. The defendant alleges that the value of her services is $14,400.00.
The defendant initially filed her claim with the probate court. On February 2, 1993, the probate court awarded the defendant $6,700.00. ($7,200 less $500.00 previously paid to defendant.) On February 24, 1993, the plaintiff appealed from CT Page 5811 the order of the probate court. Subsequently, the defendant filed her answer with a counterclaim that seeks compensation for the nursing services allegedly rendered to the plaintiff's decedent. On October 26, 1993, the plaintiff moved to strike the defendant's counterclaim. The motion was denied by this court. The plaintiff filed the instant motion for reconsideration on March 10, 1994.
In Silverstein's Appeal from Probate, 13 Conn. App. 45, (1987), the court held that:
 In a probate appeal. . .the Superior Court's jurisdiction is statutory and limited to the order appealed from. The issues presented for review are those defined in the reasons of appeal. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked. . . . [T]he court has subject matter jurisdiction limited only to the order or decree appealed from. (Emphasis added.)
Id., 58. "The reasons of appeal serve essentially the same function in defining issues and limiting evidence as does the complaint in any civil matter." Baskin's Appeal from Probate,194 Conn. 635, 642, (1984), citing 1 Locke Kohn, Connecticut Probate Practice § 207 (1951). In the plaintiff's reasons of appeal, the plaintiff asks this court to review the probate court's approval of the defendant's claim against the estate and to review the probate court's valuation of the defendant's claim in the amount of $6,700.00. Thus, the issues on appeal are limited to a review of the probate court's approval of the defendant's claim and a review of the probate court's valuation of the defendant's claim, if the validity of the claim is established.
The plaintiff argues that her motion to strike the defendant's counterclaim should have been granted because the probate court denied the defendant's claim for $14,400.00, and that the defendant's counterclaim is legally insufficient because it contains allegations that her services are worth $14,400.00. The plaintiff claims that on appeal, the amount that the defendant may recover must be limited to the $6,700.00 awarded by the probate court because the defendant did not CT Page 5812 appeal from that court's decision. Thus, the plaintiff argues that the defendant, by not filing an appeal, has failed to preserve her claim for the additional amount that she seeks to recover from the decedent's estate.
In Kerin v. Stangle, 209 Conn. 260 (1988), the court held that:
 The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. . . . Thereafter, upon consideration of all evidence presented on the appeal which would have been admissible in the probate court,
the superior court should exercise the same power of judgment which the probate court possessed and decide the original proposition unfettered by, and ignoring, the result reached in the probate court,. . . . [T]he probate decree appealed from continues in full force until the appellate tribunal otherwise determines. . . . But once the appellate tribunal, i.e., the Superior Court, otherwise determines and either modifies or sets aside the decree of the Probate Court, the probate decree is superseded. . . . (Emphasis added.)
(Internal citations and quotation marks omitted.) Id., 264-65.
On appeal, this court may decide the issues presented in the plaintiff's reasons of appeal "unfettered by" the result reached by the probate court. Id., 264. Thus, this court is not bound by the probate court's conclusion that the defendant's services were worth $6,700.00. Moreover, upon a de novo review of the issues on appeal and the evidence which would have been admissible in the probate court, the superior court could conceivably enter judgment in an amount that is less than or greater than the amount that was entered by the probate court. The superior court may reach such a conclusion regardless of whether the defendant filed a cross-appeal or a counterclaim.
With respect to the issue of whether the defendant may properly assert her claim for services rendered to the CT Page 5813 plaintiff's decedent by way of a counterclaim, Practice Book § 194 provides that subsequent to the filing of the reasons of appeal, "pleadings shall thereafter follow in analogy to civil actions. . . ." Baskin's Appeal from Probate, supra,194 Conn. 642-43. Practice Book § 116 provides in pertinent part that "any defendant may file counterclaims against any plaintiffs. . .provided that each such counterclaim. . .arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ."
Based on the plaintiff's reasons for appeal, the transaction subject to de novo review by this court is the defendant's claim against the decedent's estate for nursing services allegedly rendered to the decedent. (The plaintiff has challenged the probate court's allowance and valuation of this claim.) The defendant's counterclaim arises out of, and is limited to, the transaction which is the subject of the plaintiff's appeal. While the filing of such a counterclaim may well be redundant in the context of this appeal from probate, it appears that a counterclaim which is strictly limited to the issues raised in the plaintiff's reasons of appeal does no harm and is not per se improper. Indeed, it may aid the court in helping to delineate the issues. Further, since the parties to this appeal are entitled to plead as in a civil action, the defendant may assert her counterclaim and present all evidence "which would have been admissible in the probate court." Kerinv. Stangle, supra, 209 Conn. 264.
The plaintiff also argues that on appeal, the superior court cannot enter judgment in an amount greater than $6,700.00, based on the doctrine of res judicata; and that res judicata applies only to the defendant because the defendant did not appeal from the decision of the probate court.
The doctrine of res judicata, or "claim preclusion," provides that a former judgment may serve as an absolute bar to a subsequent action involving claims which were actually made or which might have been made in the original action. ConnecticutWater Co. v. Beausoleil, 204 Conn. 38, 43 (1987). The res judicata defense must be predicated on a final decision, i.e., a judgment on the merits. Hughes v. Bemer, 206 Conn. 491, 494-95
(1988).
General Statutes § 45a-24 provides in pertinent part that "[a]ll orders, judgments and decrees of courts of probate, CT Page 5814 rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit, and validity. . . ." (Emphasis added.) An appeal has been taken in the present case by the plaintiff. The effect of the appeal was that the plaintiff has put the validity and the valuation of the defendant's claim against the estate at issue. These issues will be retried by the superior court regardless of whether a cross-appeal or a counterclaim was filed by the defendant. An appeal from probate "leaves the matter as it was in the Probate Court, there to be continued with and completed according to law, presenting in the meanwhile to the Superior Court for redetermination, after a retrial of facts, the special and limited issues embraced within the particular decree appealed from." Silverstein's Appeal from Probate, supra,13 Conn. App. 52. The doctrine of res judicata does not apply to this appeal from probate in light of the superior court's power to try the issue on appeal de novo, and decide the issue "unfettered by, and ignoring, the result reached by the probate court. . . ."Kerin v. Stangle, supra, 209 Conn. 264. Thus, on appeal, the superior court will consider the validity of the defendant's claim, and will determine the value of this claim based on the evidence which would have been admissible in the probate court.
After reconsideration of the plaintiff's motion to strike, this court reaffirms its original decision, in which the court denied the plaintiff's motion to strike the defendant's counterclaim.
SAMUEL S. FREEDMAN, JUDGE