[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPELLEES' REQUEST FOR LEAVE TO AMEND
This is an appeal by two co-executors of the Estate of Charles Lehan and their attorneys from a decree of the Bristol Probate Court dated March 30, 1994 modifying a prior decree dated February 6, 1993 which modification reduces the fees permitted the co-executors and their attorney Morrow Associates from $32,000 to $26,000.
The defendant beneficiaries of the estate having filed an answer dated June 17, 1994, and on December 21, 1994 moved to amend order to add a four-count counterclaim. The counterclaim seeks in Count One to have the decree dated February 6, 1993 declared null and void and the difference of $6000 awarded to the defendants; Count Two seeks damages for non-disclosure of a claimed agreement resulting in the fee reduction; Count Three alleges negligence against Morrow Associates; Count Four claims a violation of CUTPA against all three appellants.
On January 9, 1995 Appellant objected to the amended answer and counterclaim as being outside the scope of the appeal.
In a probate appeal, the jurisdiction of this court is statutory and limited to the order appealed from. The issues presented for review are those defined in the reasons of appeal. An appeal from a probate decree is not a civil cause of action. Silverstein's Appeal fromProbate, 13 Conn. App. 45, 53 (1987). This court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order or decree attacked.Peters v. Appeal from Probate, 11 Conn. L. Rptr. No. 17, 546 July 4, 1994 (Freedman, J.). In that case the appeal was from the Probate Court's finding of proper nursing fees which it had reduced from the amount originally claimed and the counterclaim seeking to restore the original amount claimed was permitted.
The counterclaim in this case does not seek restoration of the claim originally presented to the court and initially approved in the decree of February 6, 1993, CT Page 5452 but seeks damages for negligence and a violation of CUTPA, which is clearly outside the scope of the issues presented in the appeal. To the extent that the counterclaim seeks to have the decree of February 6, 1993 declared null and void, this claim for relief can be adequately addressed by Appellee's original answer.
Objection to Appellee's Request for Leave to Amend sustained.
Wagner, J.