[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is appellant's motion to dismiss the counterclaim.
On December 28, 1995, the Appellants, Charlynn and Janice Maniatis, filed Reasons for Appeal of an order of the Probate Court granting the Appellee, Julia T. Guida Maniatis (Guida), $14,000.00 in administratrix fees for the co-administration of an estate. The Appellants allege the following facts. From October 25, 1993 to August 22, 1994, the Appellant, Charlynn Maniatis (Maniatis), and Guida served as co-administratrices of the estate of William R. Maniatis. On August 22, 1994, the Probate Court for the District of Woodbridge removed Guida and Maniatis as co-administratrices and appointed Stearns J. Bryant, Jr. as administrator. On November 1, 1995, the Probate Court for the District of Woodbridge, Horowitz, J., ordered administratrix fees of $14,000.00 to be paid to Guida for the administration of the estate. The Appellants allege that they are aggrieved by the order and the decree of the Probate Court for the District of Woodbridge. They allege that Guida is not entitled to a fee because she "had interests in the estate which directly conflicted with her duties as administratrix"; she possessed neither the education nor the experience to serve the estate effectively as administratrix; and she failed to exercise the necessary skill and judgment of an administratrix.
On March 27, 1996, Guida filed an answer and a counterclaim. In her counterclaim, Guida alleges that Maniatis is not entitled to the $14,000.00 administratrix fee she received because she "may have had an interest in the estate which directly conflicted with her duties as [a]dministratrix.[1]" Guida further alleges that Maniatis did not cooperate with the administrator of the estate, thereby causing delay and expense to the estate. Guida also alleges that Maniatis did nothing to assist the administrator of the estate. Guida finally alleges that Maniatis failed to exercise the necessary skill and judgment when serving as administratrix, and so she is not entitled to any fee.
On April 10, 1996, the Appellants filed a motion to dismiss the counterclaim on the grounds that this court lacks subject CT Page 4255-WWWW matter jurisdiction to adjudicate the counterclaim. The motion was accompanied by a memorandum of law.
On May 3, 1996, Guida filed a memorandum of law in opposition to the motion to dismiss the counterclaim.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Sadloski v. Manchester, 235 Conn. 637,646 n. 13.
"A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of power."Plasil v. Tableman, 223 Conn. 68, 80. "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." In re Judicial InquiryNo. 85-01, 221 Conn. 625, 629.
The Appellants argue that the court lacks subject matter jurisdiction over the counterclaim because consideration of the counterclaim goes beyond the court's statutory authority as an appeals court. The Appellants maintain that when the Superior Court takes an appeal from the Probate Court, it is limited to the exercise of the power of the probate court and cannot exercise its general powers in law and equity. Zononi v. Pikor, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 520372 (August 22, 1994) (Corradino, J., 9 CSCR 1083). The Appellants contend that the issues raised in the counterclaim are solely focused on the $14,000.00 in fees paid to Maniatis and are beyond the scope of those raised in the Reasons for Appeal. Accordingly, the Appellants argue, these fees cannot be considered here. The fees paid to Maniatis, the Appellants argue, have nothing to do with the propriety of the fees awarded to Guida, which are disputed by the Appellants in their Reasons for Appeal. Accordingly, the Appellants maintain that the counterclaim is not a defense to the their action, but it is an invalid collateral attack.
The Appellants argue that Guida has brought her counterclaim in an effort to "end run" Connecticut's system for probate appeals. CT Page 4255-XXXX They contend that Guida has ignored the proper procedural process and now seeks an appeal. The Appellants argue that Guida has missed the 30-day statutory period for bringing such an appeal, and they contend that if the counterclaim is allowed, she will be rewarded for sleeping on her rights. The Appellants maintain that the counterclaim should be dismissed.
In response to these arguments, Guida argues that subsequent to the filing of the Reasons for Appeal, the pleadings became analogous to those in civil actions. Baskin's Appeal From Probate,194 Conn. 635, 642. Accordingly, she argues that her counterclaim is allowed.
According to Silverstein's Appeal from Probate, 13 Conn. App. 45,58, "[i]n a probate appeal . . . the Superior Court's jurisdiction is statutory and limited to the order appealed from.The issues presented for review are those defined in the reasonsfor appeal. The Superior Court cannot consider or adjudicate issues beyond the scope of those proper for determination by the order of the decree attacked."
In the present case, Guida seeks to put fees awarded toManiatis in issue. As the Appellants point out, this would require facts to be alleged and proven which are not mentioned in the Reasons for Appeal. The counterclaim filed by Guida raises new issues which are beyond the scope of those defined in the reasons for appeal. To properly attack the propriety of the fee awarded to Maniatis, Guida, like Maniatis, must appeal from the probate decree.[2]
Accordingly, the Appellants' motion to dismiss the counterclaim is granted.