[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The pro se plaintiff in this appeal, Henry C. Messenger, V, is incarcerated at Garner Correctional Institution in Newtown, Connecticut. On April 1, 1999, the plaintiff filed an appeal from the decision of the probate court located in New Hartford with the superior court for the judicial district of Litchfield. The plaintiff objects to the disposition of his father's estate. Specifically, the plaintiff claims that he is entitled to certain articles of clothing, tools, and rifles, which were his possessions, but which were kept at his father's residence until his father's death.
The plaintiff attached a civil summons form to his appeal naming Judge Norman Rogers as the defendant. Judge Rogers responded by letter, dated April 21, 1999, stating: "I received your Appeal of Probate Court Decision. Unfortunately, your appeal must be brought in the proper form in accordance with the Connecticut Probate Practice Book accompanied by the necessary fees or application of waiver thereof. I would advise you to seek legal assistance in preparing the appeal."
The defendant now moves to dismiss on the ground that the plaintiff, by instituting an appeal directly against the judge neglected to follow the appropriate procedure for commencing a CT Page 15136 probate appeal. The defendant filed his motion to dismiss on June 10, 1999, accompanied by a memorandum in support. The plaintiff filed a memorandum in response on June 21, 1999.[1]
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . ." (Citation omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998). A motion to dismiss is used to assert the lack of jurisdiction. Practice Book § 10-31.
"An appeal from a Probate Court to the Superior Court is not an ordinary civil action." Kerin v. Stangle, 209 Conn. 260, 263,550 A.2d 1069 (1988). General Statutes § 45-186(a) provides in pertinent part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court. . . ." "The nature of a probate appeal is not defined either by statute or by the rules of practice. Neither the effect of the appeal on the decree appealed from, nor the scope of the issues presented in the appeal, nor the powers of the appellate court, are indicated by statute or procedural rule of court."Silverstein's Appeal from Probate, 13 Conn. App. 45, 52,534 A.2d 1223 (1987).
The right to appeal from an order or decree of the probate court is not automatic. Fuller v. Marvin, 107 Conn. 354, 357,140 A.2d 731 (1928). An individual must move the probate court for permission to file an appeal in the superior court. Id. "The function of the Superior Court in appeals from a Probate Court is to take jurisdiction of the order or decree appealed from and to try that issue de novo." (Emphasis added.) Kerin v. Stangle, supra, 209 Conn. 264.
The court finds that the plaintiff failed to follow the proper procedures for instituting a probate appeal. Specifically, the plaintiff failed to file a motion for appeal with the probate court as is required before an appeal may be heard by the superior court. The defendant's motion to dismiss is granted.
So Ordered.
THE COURT CT Page 15137
WALTER M. PICKETT, JR., J.T.R.