[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The committee in this partition sale action, Attorney Atherton Ryan, moves for advice of this court to authorize the committee to expend money to argue against the appeal and cross-appeal of the parties.
The plaintiff, Dorothy Mitchell, brought this partition action regarding certain parcels of land owned in common by her and her two brothers, Morris and Samuel Silverstein. Samuel Silverstein has not participated in this case to any significant extent. This action was begun on May 14, 1997, but the dispute between the siblings has gone on since the death of their mother in 1969; see Silverstein's Appeal fromProbate, 13 Conn. App. 45 (1987); Silverstein's Appeal from Probate,18 Conn. App. 821 (1989); Silverstein's Appeal from Probate,24 Conn. App. 818 (1991); Silverstein's Appeal from Probate,29 Conn. App. 904 (1992), cert. denied, 204 Conn. 919 (1992); andSilverstein v. Lasehever, 54 Conn. App. 901 (1999), cert. denied251 Conn. 905 (1999).
On August 24, 2000, the court, L. Sullivan, J., rendered a judgment, after voluminous pleadings, motions and extensive hearings, that the subject real property be sold to Michael Taylor for $539,000. On September 8, 2000, Morris Silverstein filed an appeal from that judgment. Dorothy Mitchell is cross-appealing.
The committee request that this court authorize him to expend funds to CT Page 13072 defend the judgment on appeal. The committee fears that an appeal, where both the plaintiff and principal defendant are urging reversal, albeit for different reasons and goals, will result in the overturning of a factually and legally sound judgment merely because of a lack of opposition. The committee argues that, because these parties could virtually stipulate that the judgment be vacated, the ends of justice require the authority he seeks. Should such an unopposed appeal prevail, these contentious parties and the court will move no closer to resolution than when the case was filed.
The committee cites neither statute nor precedent to justify its request. Both Mitchell and Silverstein oppose this proposed procedure.
"The committee's sphere of activity is circumscribed by the statute pursuant to which the committee is appointed. . . ." Lombard v. Edward J.Peters, Jr., P.C., 252 Conn. 623, 632 (2000). The committee is an agent of the court whose primary function is to conduct the judicial sale, Id., 628.
General Statutes §§ 52-495 through 52-502 govern partition sales. Both § 52-495 and 52-502 (b) contain language vesting the court with power to appoint a committee to partition the property. No language in these statutes expressly or implicitly sanctions the type of appointment requested by the committee in this action.
As an agent of the trial court, the committee cannot be given responsibilities outside the power of the court to grant. Although every trial court, especially one exercising equitable jurisdiction, is highly interested in the fair administration of justice, such courts must remain disinterested in the particular outcome of the case. The court is not a party to the dispute and has no legal interest, responsibility, or right to intercede to protect or insulate its judgments from reversal on appeal.
The court is sympathetic with the committee's concerns given the past history between the disputants, but it must trust that any appellate tribunal will give the appeal in this case the same, careful scrutiny that attends the more adversarial contests before it. Indeed, the Appellate Court has overturned these same parties stipulations in the past, Silverstein's Appeal from Probate, 13 Conn. App. 45, 60 (1987).
For these reasons, the request of the committee is denied.
Sferrazza, J.